## Duffield, for use of Jackson, *versus* Cooper.

1. In a judgment against a principal and his surety, if the surety pays the amount of the judgment he succeeds by operation of law to the rights of the creditor, and is entitled to collect the judgment. It is not necessary that the paying surety must be subrogated under the 9th section of the Act of April 22d 1856. That act applies to judgment liens on real estate, and is intended to adjust and protect the equities of persons holding such liens. It was not designed to settle the rights nor to prescribe the remedies between surety and principal.

2. While an execution must follow the judgment, yet if in a judgment against principal and surety, the surety pays the whole amount of the judgment, and execution issues for the use of the surety, it is not fatal to the execution that it goes against the principal alone.

[Duffield *v.* Cooper.]

October 24th 1878. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Trunkey, JJ. Woodward, J., absent.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1878, No. 253.

This was a rule to show cause why a judgment entered on an exemplified record, wherein John Duffield was plaintiff and William A. Cooper and J. C. Jackson were defendants, should not be stricken off and execution set aside.

Cooper and Jackson executed a note in the following form :

"$1250.                    Franklin, Pa., February 3d 1877.

Six months after date we promise to pay to the order of John Duffield twelve hundred and fifty dollars for value received, with interest, payable at the Exchange Bank, Franklin, Pa." (With a warrant of attorney to confess judgment, &c.)

On the 2d of July 1878 judgment was confessed by attorney in the Court of Common Pleas of McKean county in favor of Duffield, and against both Cooper and Jackson, for $1028.87, being the balance then due, and execution issued thereon. Endorsed upon the execution is the following receipt :—

"September 7th 1878.

Received from J. C. Jackson one thousand, thirty-five and 17-100 dollars, and do hereby assign to him the within entitled judgment, debt, interest and costs, without recourse. [Signed] John Duffield, by Sterrett, Brown & Rose, Attorneys."

Returned by order of plaintiff.

On July 22d 1878 an exemplification of this record in McKean county was filed in the Common Pleas of Venango county, and on the same day execution issued and levy, was made upon the personal property of Wm. A. Cooper, who presented his petition, upon which a rule was granted on the plaintiff to show cause why the judgment should not be stricken off and the execution stayed and set aside. Testimony was taken which conclusively established that Jackson was surety in the note ; and it was contended, upon the part of the plaintiff, that he being simply a surety and having paid the claim, he had the right to have the judgment marked to his use and issue execution against Cooper alone.

After argument upon the rule to show cause, the court, Taylor, P. J., in an opinion, inter alia, said :

"That a surety may pay an indebtedness and not extinguish the claim against the principal debtor, will be admitted ; and that the surety having paid the debt, is entitled to all the securities the creditor had against the principal debtor, is settled by numerous cases : Wright *v.* Grover & Baker S. M. Co., to use, 1 Norris 80, and cases there cited.

"After an indebtedness has assumed the form of a judgment the 9th section of the Act of April 22d 1856, provides a mode by which

[Duffield *v.* Cooper.]

such surety may be subrogated to the rights of the plaintiff, viz.: by application to the court, who alone has the power to order a radical change of the record. The record of the judgment in McKean county stood thus : John Duffield *v.* William A. Cooper and J. C. Jackson. The judgment was so entered upon the records of this court. The *præcipe* for fi. fa. and the fi. fa. in this county did not pursue the judgment. It is in the form following: John Duffield, to use J. C. Jackson, *v.* William A. Cooper. The execution should have followed the judgment, and the plaintiff could have directed a levy upon the goods of one of the defendants alone, if he chose so to do. Not having done so, it is such an irregularity as will warrant the setting aside the execution: Shaffer *v.* Watkins, 7 W. & S. 229 ; Stuckert *v.* Ellis, 2 Miles 433.

"If subrogation after judgment was effected by operation of law, the same as before, we fail to see the necessity of the Act of Assembly before cited. The act having provided and pointed out the remedy, the surety should avail himself of its provisions. For these reasons the rule to set aside the lien and execution is made absolute and discharged as to striking off the judgment."

This action of the court was assigned for error by Duffield, who took this writ :

*Dodd & Lee*, for plaintiff in error.—Wright *v.* Grover and Baker Sewing Machine Co., 1 Norris 80, is conclusive of this case and decides it in our favor. The Act of 22d April 1856, Purd. Dig. 827, does not apply to this case, but is meant merely to control liens on real estate as between parties entitled to subrogation. We rely also on Fleming *v.* Beaver, 2 Rawle 128. The surety having paid the debt, succeeds by operation of law to the rights of the creditor without assignment and without any further act on his part. The judgment therefore being Jackson's by operation of law and actual assignment, the execution was rightly issued, for the law would not require of him the absurd thing of issuing an execution against himself.

*James D. Hancock*, for defendant in error.—The execution must follow the judgment on which it is founded, and if the judgment is joint the execution must be joint: Bouvier's Institutes, vol. 3, p. 573 ; Shaffer *v.* Watkins, 7 W. & S. 229 ; Kneib *v.* Graves, 22 P. F. Smith 104 ; Stuckert *v.* Ellis, 2 Miles 433 ; Herman on Executions 42.

Subrogation is an equitable right, and must be asked for by the surety and granted by the court as shown by the records. It is not allowed to constitute itself and thus contradict the records.

Mr. Justice MERCUR delivered the opinion of the court, January 6th 1879.

[Duffield *v.* Cooper.]

Cooper and Jackson made their joint note to Duffield, with warrant of attorney to confess judgment. Although not shown on the face of the note, yet in fact, Jackson signed as surety for Cooper. Judgment was entered on the note and execution issued. Jackson paid the debt, interest and costs to the plaintiff's attorney, and on the back of the execution took from him an assignment of the judgment. As the attorney is not shown to have been authorized to make the assignment, and it does not appear that his act therein was ratified, the invalidity of the assignment may be conceded. The fact, however, that Jackson took the assignment at the time he made the payment, is evidence that he did not intend to extinguish the debt. The right of a surety in a judgment, to collect it of his principal, after the former has paid it, is well settled by numerous decisions: Wright *v.* Grover *et al.*, 1 Norris 80. An actual assignment to the paying surety is not necessary. The right of substitution being shown, and the surety having paid the debt, he succeeds by operation of law to the rights of the creditor: Id. Jackson was therefore entitled to collect the judgment of Cooper. The learned judge appears to have thought that the paying surety must have been subrogated under the 9th section of the Act of 22d April 1856. That act applies to judgment liens on real estate, and is intended to adjust and protect the equities of persons holding such liens. It was not designed to settle the rights, nor to prescribe the remedies between surety and principal.

The other question relates to the form of the execution. It is undoubtedly true as a general rule that the execution must follow the judgment. That is, if the judgment be joint the execution should be against all of the defendants therein. This rule, however, is not so inflexible as to prevent its being modified by the special circumstances of the case. Thus in a joint judgment against several, one of whom is an infant, the court will set aside the execution as to him; yet, permit it to go on as against the others, and sell their property. So if one of the defendants be a feme covert, and not liable on the judgment, the execution may be set aside as to her, but suffered to proceed against the other defendants in the judgment. Again, if one joint defendant in a judgment die, execution goes against the survivors. The Act of 18th April 1861, declares, "no civil process shall issue or be enforced against any person mustered into the service of this state or of the United States." Sheetz *et al. v.* Wynkoop *et al.*, 24 P. F. Smith 198, was the case of a judgment against several defendants, one of whom had been mustered into the services of the United States, and thereby entitled to the protection of the act. It was there said by our late brother WILLIAMS, that doubtless on suggesting the fact of such service, execution might have been sued out against the other defendants. In the present case it would be the merest technicality to require the use party plaintiff to issue an

[Duffield v. Cooper.]

execution against himself.　The receipt and assignment of record on the execution showed he had paid the whole judgment.　Thus the record showed why the execution went against Cooper alone.　He has no equitable ground of complaint.　In case he was not liable for the whole judgment, as between him and Jackson, the court should have restrained the execution to the collection of such portion as in equity he ought to pay.　But being liable for the whole, he has no standing to invoke the equitable power of the court.　The fact of the payment of the whole judgment by the use plaintiff, appearing of record, precluded the collection of any part of it from him again. The defendant had paid none of it, although legally liable for the whole.　Under all these facts, we do not think it fatal to the execution, that it went against the only defendant liable for its payment. The learned judge therefore erred in making absolute the rule to show cause why the lien and execution should not be set aside.

Judgment reversed, and the rule is discharged.