## APPEAL OF CAIN NYE.

[ESTATE OF JOHN C. NYE, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF BERKS COUNTY.

Argued March 6, 1889—Decided May 13, 1889.

1. Where a wife abandoned her husband several years before his death, without such reasonable cause as would entitle her to a divorce, she is not entitled to the benefit of the exemption of $300 out of his estate, under the act of April 14, 1851, P. L. 613.
2. A single act of indignity, or of coarse and ungallant violence, even though it amount to a technical assault, is not such conduct on the part of the husband as will justify a divorce at the suit of the wife.
3. But a wife's right to her dower interest in the estate of her deceased husband does not depend upon the existence of the family relation at his death, and it is not barred, therefore, by her abandonment of her husband in his lifetime without reasonable cause.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 236 January Term 1889, Sup. Ct.; court below, No. ...... July Term 1887, O. C.

Adjudication.

In 1877 or 1878 John C. Nye was married to Elizabeth Riegel. They lived together until 1879 when she left his home, and moved into a house of her own where she resided until her husband's death in November 1886. A short time after this separation she commenced a suit for desertion, but her complaint was dismissed.

After the decease of her husband, Mrs. Nye made application to the administrator of his estate, to have appraised to her goods to the value of $300, under the widows' exemption act of April 14, 1851, P. L. 613. This was refused. The administrator subsequently filed his account, and upon the audit thereof by the Orphans' Court, the widow presented a claim for $300 under said act. Her claim was resisted by the heirs upon the ground that she was not living with the decedent at the time of his death, and did not then, and had not for seven years or more prior thereto, sustained a family relation to him, and consequently was not entitled to the $300 claimed.

On October 4, 1888, the court, SCHWARTZ, P. J., filed an adjudication, which in part was as follows :

Elizabeth Nye, the widow, presents a claim against the estate for $300; and this because the administrator and heirs refused to set aside for her use property to the value of $300.

The marriage and demand to have such property appraised and set aside, is admitted. It is contended, however, that she had wilfully and without sufficient cause deserted him for a number of years before his death, and was for that reason not entitled to a widow's exemption of $300 worth of property out of his estate or to dower.

Considerable testimony by their neighbors was submitted, as to whether or not she was justified in separating from him, the force and substance of which amounts to about this : That he was seventy and she some thirty years old, when they entered into wedlock and cohabited for a period of fifteen or sixteen months, and that both had been married before. During the lat-ter part of this cohabitation, they became estranged and quarrelsome with each other, and he threatening and dangerously aggressive towards her. The evidence clearly discloses that he kicked her on two different occasions, the result of the one was a black and blue leg from the knee to the hip. At another

Adjudication.

time he threatened to break her head with a box, which he had in his hands.

If such threats and batteries following each other in close succession, as here, do not make life burdensome and intolerable to a wife and justify her in leaving and separating from her husband, I can hardly conceive a case in which she might properly do so.

It is, however, also contended that she is estopped from recovering her $300 exemption as his widow, because of a prosecution for maintenance and support, wherein the judges of the Quarter Sessions dismissed her complaint, and disallowed her any support from her husband. A hearing in a complaint of the kind does not and should not mean such a trial of her rights, as will estop her from having her cause tried or heard in any other forum. If it worked an estoppel, our desertion courts should, and would no doubt, try such cases with more deliberation, care and attention.

For these reasons she should have been allowed property to the value of $300 out of her late husband's estate. The court now allows her $300 as damages in lieu of said property.[1]

The auditing judge further allowed the widow, her witness fees, $24.12,[2] and of the balance for distribution, to wit, $962.67, which arose entirely out of real estate, awarded to the widow the interest on one third thereof, or $320.89, to be paid to her during her natural life, and at her death the principal to the children and the heirs of John C. Nye, the decedent.[3]

To this adjudication Cain Nye and Augustus Nye, two of the heirs of the decedent, filed exceptions alleging error in the allowance of the exemption, witness fees and dower interest, which exceptions were subsequently dismissed and the adjudication confirmed; thereupon Cain Nye took this appeal and assigned as error:

1. The allowance of the widow's claim of exemption.[1]
2. The allowance of the widow's claim for witness fees.[2]
3. The award of dower interest to the widow.[3]

*Mr. C. H. Ruhl* and *Mr. Daniel Ermentrout*, for the appellants.

*Mr. Hiram Y. Kaufman*, for the appellee.

OPINION, MR. JUSTICE McCOLLUM:

John C. Nye, a widower aged seventy years, and Elizabeth Reigel, a widow aged thirty years, were married in the summer of 1878, and dwelt together as husband and wife until the fall of 1879, when she left his home and moved into her own house about ten miles distant, where she resided until his death in November, 1886. A short time after the separation she commenced suit against him under the desertion statutes, which upon full hearing and investigation by the court of Quarter Sessions, resulted in a dismissal of her complaint. After that there was no communication between them, and no effort on her part to assert the rights or to discharge the duties of a wife. That she had deliberately resolved upon a permanent separation from Nye and his family is evident from what she said to Wm. Schlappig the morning she left. Nye was unwilling that she should leave, and tried to persuade her to remain with him. No angry or unkind words passed between them on that occasion. While in his presence she made no complaint of misconduct on his part, and did not assign any reason for her determination to depart from his home. The testimony of the witnesses who were present and who describe the conversation and conduct of the husband and wife, stamps the separation as a wilful and malicious desertion on her part, and there is nothing shown of her subsequent behavior to deprive it of that character.

After his death she claimed a widow's rights in his estate, and the Orphans' Court awarded her the exemption, the fees of the witnesses to support her claim to it, and statutory dower. From this decree Cain Nye, a son and heir of the decedent, appealed.

In Odiorne's Appeal, 54 Pa. 178, this court in an opinion by Chief Justice WOODWARD said, "Where a wife leaves her husband and renounces all conjugal intercourse, a considerable time before his death, she becomes not such a widow, after his death, as was in the contemplation of the legislature when the acts of assembly were passed which entitle her to administer his estate and to appropriate $300 of it to her own use. The acts contemplate the case of a wife who lives with her husband till his death, and faithfully performs all her duties to his family, not one who voluntarily separates herself from him and performs none of the duties imposed by the relation."

he exemption provided by these statutes has been described as a pure gratuity by force of law for the benefit of a decedent's family: Sipes v. Mann, 39 Pa. 417. It does not belong to a woman who did not at least in contemplation of law sustain a family relation to her husband at his death: Hetrick v. Hetrick, 55 Pa. 290. It was not created for a wife who abandons her husband without reasonable cause and for seven years before his death refuses to perform her marital duties. The reasonable cause which justifies a wife in abandoning her husband is such as would entitle her to a divorce : Cattison v. Cattison, 22 Pa. 276. In the language of Justice STRONG in Grove's Appeal, 37 Pa. 443, " separation is not to be tolerated for light causes, and all causes are light, which the law does not recognize as ground for the dissolution of the marriage bond."

It remains to inquire, if Mrs. Nye had reasonable cause for abandoning her husband. As we have seen, her departure from his home was deliberate and without complaint or explanation to him. It is incumbent on her, therefore, to show conduct on his part which justified her in severing the family relation. This she has undertaken to do, and the evidence on which she relies for her justification is before us. It shows but one act of personal violence, and the single witness of that was her son, who was then but ten years old. Adam Reichard testified that he was frequently at Nye's house, and that he once, while they were quarreling, heard Nye threaten to strike her with a salt box. This is all of threat or violence which the evidence discloses. Mrs. Nye's declarations to third persons in the absence of her husband, were not competent to affect him, and in view of the time when and the circumstances under which they were made were not admissible as a part of the res gestæ. It is probable, however, that these declarations were all made with reference to the one act described by her son, and the provocation of that, according to his recollection, was her refusal to sleep with her husband, and this was conceded in her statement to Kauffman, together with an admission that she struck him in the face. There is no conflict in the evidence, and no question of the credibility of witnesses involved in the case. From the facts disclosed by the legal testimony it is our duty to decide whether a justification of the abandonment is shown.

In May v. May, 62 Pa. 210, it was said: "A single act of cruelty, on a single occasion, as suggested in Richards v. Richards, 1 Gr. 391, may be so severe and attended with such corresponding circumstances of atrocity, as might, under a fair and liberal construction of the act, justify a divorce. But no single act of cruelty, however severe, that comes short of endangering life, is sufficient to justify a divorce." A single act of indignity will not be sufficient, nor indignities provoked by the complaining party, unless where the retaliation is excessive. It is not every coarse and ungallant act, even though it amounts to a technical assault, that authorizes a severance of the marriage bond. It was well said by Chief Justice LOWRIE, in Richards v. Richards, 37 Pa. 225: "It is not all unlawful and barbarous acts that are made grounds of divorce. We do not divorce savages and barbarians because they act as such towards each other." The question with which we have to deal is not one of sentiment or chivalry, but of law and its faithful administration, and we have no hesitation in declaring that under our decisions and the evidence in this case Mrs. Nye is not entitled to the exemption of $300 out of the estate of her deceased husband, or to the fees of her witnesses in prosecuting her claim for it. The first and second specifications of error are sustained.

Dower does not depend on the existence of the family relation at the death of the husband, and is not barred by desertion. The third specification is not sustained.

The decree of the Orphans' Court, awarding to Elizabeth Nye a widow's exemption of $300, and $24.12 for witness fees, is reversed, and it is now considered and adjudged that the remaining claims of creditors and for expenses be paid according to said decree; that the balance for distribution, to wit, $38.85, proceeds of personalty, and $1,247.94, proceeds of real estate, be distributed as follows, viz.: one third of the personal fund to Mrs. Elizabeth Nye absolutely, and the interest upon one third of the real estate fund to be paid to her annually during her natural life; two thirds of the personal and real estate fund to be paid to the children and heirs of the decedent, named in the decree of the Orphans' Court, share and share alike, and the remaining one third of the said fund to be paid to the said children and heirs in the same proportion as above, at the death of Elizabeth Nye, widow of decedent. It is ordered that the costs of this appeal be paid by the appellee.