# Crawford's Estate.

*Decedents' estates — Husband and wife — Separation — Widow's exemption—Fiduciaries Act of 1917, P. L. 471, sec. 12.*

Where a husband and wife separated by mutual agreement three years before the death of the former, the wife is not entitled to have set apart to her, as against creditors of the estate, the widow's exemption of $500 allowable under the provisions of section 12 of the Fiduciaries Act of 1917, P. L. 471.

The Fiduciaries Act was a codification of earlier statutes and while it does not, in section 12, follow literally the Act of April 14, 1851, P. L. 612, the provisions are substantially the same. There is nothing to indicate a legislative intention to depart from the established rule that the right to claim a widow's exemption depends upon the existence of the family relation, unless the separation has occurred through the fault of the husband.

Argued October 5, 1922. Appeal, No. 42, Oct. T., 1922, by Anna S. Crawford, from decree of O. C. Philadelphia County, January Term, 1921, No. 634, refusing to set aside widow's exemption, and making distribution to creditors in the Estate of William Crawford, deceased. Before PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ. Affirmed.

Petition for widow's exemption. Before GUMMEY, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition and distributed the fund to creditors of the estate. Anna S. Crawford, the petitioner, appealed.

*Error assigned* was the decree of the court, quoting it.

*Cecelia P. Bass,* for appellant.

*Benjamin W. Linton,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

William Crawford, the decedent, and this appellant having been married in 1915, entered into a written agreement, on August 21, 1917, covenanting to live separate and apart during their natural lives, the husband covenanting not to molest, disturb or interfere with his wife, and the wife, this appellant, in consideration of the sum of $100 to her then paid, releasing the husband from all further liability to contribute to her support. The execution of this agreement was immediately followed by a separation of the parties, which continued until the death of the husband, on December 31, 1920. The husband having died intestate, letters of administration were granted to this appellant in January, 1921. In March, 1921, the appellant presented her petition to the orphans' court praying for the allowance to her of the widow's exemption of $500, in cash, out of the estate. An answer was filed to this petition by Mary E. Crawford, the only daughter of the decedent, denying the right of the appellant to the widow's exemption, for the reason that the decedent and the appellant had been living separate and apart for three and a half years, in pursuance of the articles of separation, a copy of which was attached to and made part of the answer, and that the family relation had not existed between the decedent and the appellant at the time of the death of William Crawford. The averments of fact contained in this answer are conceded to be true. The appellant subsequently filed her account as administratrix and upon the audit it appeared that the debts exceeded the amount for distribution, the estate was insolvent. The appellant insisted that she was entitled, as against the creditors, to take the exemption of $500, under the provisions of section 12 of the Fiduciaries Act of 1917, P. L. 471. The court below overruled this contention and distributed the fund to the creditors of the estate. The widow appeals.

The daughter, who seems to have been a member of the family of the deceased, has not appealed. We are not,

therefore, required to consider her right to take the exemption, if the widow was not competent to assert such a right. The sole question is: Has the widow the right to take the exemption when, in the absence of any evidence of misconduct on the part of the decedent, she has been living apart from her husband for three years immediately prior to his death in pursuance of articles of separation voluntarily entered into upon her part? The law was well settled, prior to the legislation of 1917, that when a wife had been voluntarily living apart from her husband, without such reasonable cause as would entitle her to a divorce, she did not upon his death become entitled to the benefit of the exemption out of his estate: Nye's App., 126 Pa. 341. None could claim who did not stand in the family relation toward the decedent, unless the separation was the fault of the husband: Henkel's Est., 13 Pa. Superior Ct. 337, and cases there cited. The language of the 12th section of the Fiduciaries Act of 1917 does not follow literally the Act of 1851, P. L. 612, but the provisions are substantially the same, although it is to be noticed that the Act of 1917 makes the right of the widow subject to the condition that she has not forfeited her rights, which words are not in the Act of 1851. The Act of 1917 was a codification of the earlier statutes upon the subjects with which it dealt, and when those earlier statutes had been construed by a long line of decisions it is presumed that the legislature knew what the earlier statutes had been held by the highest court of the state to mean and if there had been a legislative intention to change the law on the subject such intention would have been clearly expressed. We find nothing in the Fiduciaries Act of 1917 which would warrant us in holding that it was the legislative intention to change the existing law on the subject. The Act of 1851 did not expressly provide for any forfeiture of the right of the widow to exemption, nor was there any other legislation specifying the grounds upon which a forfeiture should occur. The Supreme Court held that under the

provisions of the statute the right to the exemption was dependent upon the existence of the family relation unless the separation had occurred through the fault of the husband. When the Act of 1917 was adopted it clearly disclosed the legislative intention to be that the widow might "forfeit her rights," but it did not specify the grounds upon which such forfeiture might occur. This must necessarily lead to the conclusion that it was not the legislative intention to change the law; the reasons for forfeiture were to be the same as under the earlier legislation. The learned counsel for the appellant contends, however, that the exemption in this case is saved to the widow by section 6 of the Intestate Act of 1917, P. L. 435, viz: "No wife who shall have, for one year or upwards previous to the death of her husband, willfully and maliciously deserted her husband, shall have the right to clam any title or interest in his real or personal estate after his decease, under the provisions of this act." In support of this contention counsel for the appellant cited the decision of this court: Schreckengost's Est. 77 Pa. Superior Ct. 235. That case is clearly distinguishable from the one with which we are now dealing. In that case the widow was claiming against the will of her husband not only the right to take the $500 exemption but, also, her interest as widow under the Intestate Law of 1917. Her claim being under the Intestate Law she was entitled to take unless defeated by the provisions of the second section of that statute above quoted. We held that the burden of proving that she came within the terms of that section was upon those who asserted that she had forfeited her right because of her willful and malicious desertion of her husband. It appeared in evidence in that case that about ten months before the death of the husband the court of quarter sessions of the county where the parties resided had adjudged the husband guilty of nonsupport of his wife and ordered him to pay to his wife the sum of $5 per week, which sentence the husband had complied with until

about the time of his death.   It further appeared that a short time after this sentence was imposed upon the husband he had written a letter to his wife saying: "You are hereby notified to remove your household goods by the first of September 1918 and if you fail you will be held to pay $10.00 per month rent until removed from my house."   The question argued in that case was the right of the widow to take under the Intestate Law, and that was the question discussed in the opinion of our brother HEAD, who spoke for the court.   The claim being under the Intestate Law the provisions of the sixth section of that law were necessarily involved.   It may here be observed that the evidence in that case, which is quoted in the opinion, clearly disclosed that the separation was the result of the misconduct of the husband and, under all the authorities, the widow would have been entitled to her exemption, although that question was not discussed in the opinion of the court.   The appellant in the present case is not asserting her right under the Intestate Law.   A widow, who has forfeited her right to the exemption, may still be entitled to participate in the distribution of her husband's estate under the Intestate Law: Nye's App., supra.   The widow's exemption is not an estate by inheritance, but an independent bounty: Hildebrand's Est., 262 Pa. 112; Peebles's Est., 157 Pa. 605; Buckland's Est., 239 Pa. 608.   The sixth section of the Intestate Act of 1917 has no application in determining the validity of the claim of a widow to the exemption of $500, under the 12th section of the Fiduciaries Act of 1917, P. L. 471.

The decree is affirmed and the appeal dismissed at cost of the appellant.