## Arnout's Estate.

*Decedents' estates — Husband and wife — Widow's claims for $5,000 and $500—Family relation—Desertion—Separation—Condoning offense—Acts of June 7, 1917, P. L. 429, and June 7, 1917, P. L. 447.*

1. Separation is not desertion.

2. Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in without cause.

3. In the absence of proof of an actual and continued desertion, it is not necessary for the wife to justify such desertion by showing a sufficient cause therefor.

4. A separation followed by an uninterrupted continuation of the sexual relation between husband and wife is not a wilful and malicious desertion; the fact that they lived in a separate house is of no moment.

5. A wife's withdrawal from her husband's house for medical treatment is not a desertion, and especially so when the husband consents to it.

6. Where a husband consents to his wife's going, the status is one of mutual separation, and she cannot be charged with wilful desertion until he in good faith requests her to return and she refuses.

7. Where an offense is condoned it cannot be interposed as a defense to the charge of desertion.

8. Where a wife's withdrawal from her husband's house does not involve wilful and malicious desertion, she is entitled, under the Intestate Act of June 7, 1917, P. L. 429, to the surviving spouse's claim of $5,000 out of her husband's estate.

9. A wife may be entitled to the $5,000 under the intestate law and at the same time may not be entitled to her exemption of $500 under the Act of June 7, 1917, P. L. 447, because the family relation does not exist.

*Evidence—Witnesses—Party dead—Husband and wife—Acts of May 23, 1887, P. L. 158, and June 7, 1917, P. L. 429.*

10. On a claim against a husband's estate by the widow and her heirs for the $5,000 allowance under the Act of June 7, 1917, P. L. 429, they are all competent witnesses under the Act of May 23, 1887, P. L. 158.

Argued February 9, 1925. Appeal, No. 111, Jan. T., 1925, by administrator and heirs, from decree of O. C. Schuylkill Co., awarding $5,000 allowance under intestate laws, in estate of George Arnout, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for allowance of $5,000 under intestate laws. Before WILHELM, P. J.

The opinion of the Supreme Court states the facts.

Decree for petitioner. Administrator and heirs appealed.

*Error assigned* was decree, quoting record.

*Wm. M. Fausset,* with him *M. M. Burke,* for appellants.

*George Ellis* and *Jno. F. Whalen,* for appellee, were not heard.

OPINION BY MR. JUSTICE WALLING, March 16, 1925:

George Arnout, of Schuylkill County, died in 1920, intestate, survived by a widow, Anna Arnout, and collateral heirs. The orphans' court confirmed the appraisement setting aside $5,000 to the widow under the Intestate Act of 1917, P. L. 429, and this appeal was brought on behalf of the heirs. Section 6 of this act (P. L. 435) provides: "No wife who shall have, for one year or upwards previous to the death of her husband, wilfully and maliciously deserted her husband, shall have the right to claim any title or interest in his real or personal estate after his decease, under the provisions of this act." Appellants averred that Mrs. Arnout had so deserted her husband as to forfeit her right to share in his estate, under the statute just quoted; this she denied and testimony was taken, which the lower court properly found failed to sustain appellants' contention. Mr. and Mrs. Arnout were married in 1884 and from that time lived together near St. Clair Borough in a house owned by him and furnished by her, until 1897, when she removed with her furniture to a house she rented in the borough, in which and in other rented houses she resided for some years, then bought a suitable house which she occupied until sold in 1914, when she went to keep house for her brother. From 1897 to 1914 Mrs. Arnout supported herself largely by keeping boarders. In 1915 her health had become so greatly impaired that, under the advice of friends, she went to Doylestown and lived in a boarding house, or private sanitarium, under the care of a physician, until the death of her husband. She is, or at least was at the time of the hearing in this case, an invalid, unable to walk without assistance.

Prior to her removal from his home in 1897, Mr. and Mrs. Arnout discussed the question of her going and he at least tacitly consented thereto and helped load some of her furniture on the van, although it cannot be said he desired her to go. Thereafter he lived in the home of his parents, with them, and later, with other members

of the family, until his death. His own house was vacant for a time and afterwards rented. Following her removal, Mr. and Mrs. Arnout continued on friendly terms, and for the next seventeen years he usually visited her two or more times a week, had sexual intercourse with her whenever he desired and, as a mourner, attended with her the funeral of her father and also that of her mother; when he sold land she joined in the deeds and he did the same when she sold her home; he also supplied her with meat so long as he continued in that business, which was until 1908. She constantly urged him to come and live with her, and he often said he would at some future time, but never did. Mr. Arnout never requested his wife to return and live with him, where they had formerly lived, or elsewhere. She informed him of her intention of going to Doylestown, also the cause thereof, and he made no objection; but about that time (1915) he filed a libel in divorce charging her with having deserted him in 1897; to which she filed a responsive answer and his testimony was taken at length before a master. The divorce case was abandoned, but Mr. Arnout's testimony there taken was received as evidence in the present case.

The orphans' court found from Mrs. Arnout's testimony that she removed from his home in 1897 because he had sometime previously given her a venereal disease; this Arnout denied, and, if true, she condoned the offense; hence, it could not be interposed as a defense to the charge of desertion. The fatal defect in appellants' case, however, is the lack of proof of a wilful and malicious desertion. "Separation is not desertion. Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without cause, for two years [here for one year]. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other": Ingersoll v. Ingersoll, 49 Pa. 249, 251; Middleton v. Middleton, 187 Pa. 612; see also Hull v. Hull, 14 Pa. Superior Ct. 520. The sepa-

ration in the instant case, being by consent, lacked the
elements of a wilful and malicious desertion.  In the
absence of proof of an actual and continued desertion,
it was not necessary for the wife to justify such desertion
by showing a sufficient cause therefor.  The vice of ap-
pellants' contention is the assumption that the separa-
tion amounted to a desertion by the wife.  A separation
followed by uninterrupted continuation of the sexual
relation between husband and wife is not a wilful and
malicious desertion.  Under such circumstances the fact
that they lived in separate homes is of no moment.  Fur-
thermore, had her removal been such as to constitute
desertion, which is not shown, it was not persisted in
by her and was condoned by him.  It neither was nor
could be urged that Mrs. Arnout's going to Doylestown
for medical treatment was a desertion; especially as
the husband made no objection thereto.  Where a hus-
band consents to the wife's going, the status is one of
mutual separation and she cannot be charged with wil-
ful desertion until he in good faith has requested her
return; this Arnout never did.

The lower court refused the widow the $500 exemption
allowed by section 12 of the Fiduciaries Act of 1917, P.
L. 447, 471, on the ground that she was not a member
of her husband's family at the time of his death, which
fact, however, does not deprive a widow of her dower
interest in her husband's estate: Nye's App., 126 Pa.
341.  The refusal of the $500 exemption was based on a
different statute and did not determine her rights under
the intestate laws.

The property here in question was that of Mr. Arnout,
which his widow and heirs claimed by devolution from
him; hence, they were all competent witnesses: section
5, Act of May 23, 1887, P. L. 158, 5 Purdon (13th ed.)
p. 1498; Comly's Est., 185 Pa. 208, 213.

The lower court's findings of the facts in favor of the
widow are sustained by the evidence; in fact Arnout's

own testimony fails to make out a case of wilful and malicious desertion.

The decree is affirmed and appeal dismissed at the costs of appellants.