## Estate of August Braum, Deceased.

*Decedents' Estates—Intestate Act of June 7, 1917, P. L. 429.—Widow's Exemption—Fiduciaries Act of June 7, 1917, P. L. 447.*

The right to widow's exemption, under the Fiduciaries Act of June 7, 1917, P. L. 447, is not dependent upon the widow's right to take under the Intestate Law of June 7, 1917, P. L. 429.

Where a wife had wilfully and maliciously deserted her husband for a period of twenty months prior to his death, she is not such a widow as is contemplated by the Fiduciaries Act of June 7, 1917, P. L. 447, and is, therefore, not entitled to the widow's exemption.

The foundation of the claim to exemption must be in the existence of the family relation at the time of the death of the husband.

Argued May 5, 1925. Appeal No. 221, April T., 1925, by Joseph M. Braum, Residuary Legatee and Executor, from decree of O. C. Allegheny County, March T., 1924, No. 288, allowing widow's exemption in the Estate of August Braum, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for widow's exemption. Before MILLER, P. J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the exceptions to the petition for widow's exemption and allowed the exemption. Joseph M. Braum, Residuary Legatee and Executor of the Last Will and Testament of August Braum, deceased, appealed.

*Error assigned* was the decree of the Court dismissing the exceptions.

*F. A Ammon,* and with him *J. B. Fortunato,* for appellant.

*Joseph M. Friedman,* for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

August Braum, aged seventy years, a widower with children and grandchildren, married Gertrude Rohrback January 9, 1922, she being then eighteen years of age. After the marriage they dwelt together as husband and wife, for a period of about three months, on the old Braum homestead in West Elizabeth, Allegheny County. At the end of that period the wife left her husband's home and returned to the home of her parents From that time until the death of her husband, January 23, 1924, she never cohabited with him nor had any relationship or communication with him. She

did not attend his funeral. By his will made shortly before his death he provided: "I give and bequeath to my wife, Gertrude Braum, who has left my bed and board of her own free will, just what she is entitled to under the law and no more." On March 10, 1924, the widow presented her petition to the court below, praying for the allowance to her of the widow's exemption of $500, in cash, out of the estate. Exceptions were filed by the executor, who was also a legatee under decedent's will, denying the right of the claimant to the widow's exemption for the reason, inter alia, that she, without reasonable cause, abandoned the bed and board and home of decedent and wilfully and maliciously deserted him more than one year previous to his death. The learned judge of the court below found, and the evidence fully warrants the finding, that neither of the parties could have maintained an action for divorce, but held that because the evidence does not justify a finding that the wife was guilty of wilful and malicious desertion contemplated by the Intestate Act of 1917, her right to her exemption is not barred. The exemption of $500 was awarded to her, and that action is the error assigned.

The sole question is: Has the widow the right to take the exemption? Judge PORTER, in speaking for this court in Crawford's Estate, 81 Pa. Superior Ct. 222, 224, said: "The law was well settled, prior to the legislation of 1917, that when a wife had been voluntarily living apart from her husband, without such reasonable cause as would entitled her to a divorce, she did not upon his death become entitled to the benefit of the exemption out of his estate: Nye's App., 126 Pa. 341. None could claim who did not stand in the family relation toward the decedent, unless the separation was the fault of the husband." The same question was before this court in Henkel's Est., 13 Pa. Superior Ct. 341, and the same judge, after citing numerous decisions of the Supreme Court said:

"These decisions leave no question that the foundation of the claim must be in the existence of the family relation at the time of the death of the husband and father." The provisions of the Act of April 14, 1851, P. L. 612, were then being considered and it was held that when no family relation existed the legislation was not operative; that none could claim who did not stand in the family relation toward the decedent. In Nye's App., supra, the Supreme Court said that the exemption provided by the Act of 1851 was a pure gratuity by force of law for the benefit of the decedent's family, that it does not belong to a woman who did not at least in contemplation of law sustain a family relation to her husband at his death, that it was not created for a wife who abandons her husband without reasonable cause and that the reasonable cause which justifies a wife in abandoning her husband is such as would entitle her to a divorce. The same propositions were recognized as controlling by Judge RICE in Myers's Est., 24 Pa. Superior Ct. 142.

In the present case, as in Crawford's Est., supra, the claim was made under the 12th section of the Fiduciaries Act of 1917, P. L. 447. In that case we decided that there is nothing in the Fiduciaries Act of 1917 which would warrant our holding that it was the legislative intention to change the existing law on the subject; that under that act the grounds upon which a widow may "forfeit her rights" are the same as under the earlier legislation. The distinction between the right of the widow to take under the Intestate Act of 1917, P. L. 429, and her right to the widow's exemption under the Fiduciaries Act of 1917, P. L. 447, were pointed out. A wife may be entitled to participate in the distribution of her deceased husband's estate under the intestate law, although she has forfeited her right to the exemption. The different rights are based upon different statutes : Arnout's Est., 283 Pa. 49, 53. The Intestate Act of 1917 has no application in determining

the validity of the claim of a widow to the exemption of $500 under the Fiduciaries Act of 1917. If a wife separates from her husband by mutual consent, that does not destroy her right to inherit, because she is entitled to inherit unless she wilfully and maliciously deserts him. The widow's exemption is not an estate by inheritance, but an independent bounty: Hildebrand's Est., 262 Pa. 112. To entitle the wife to her exemption the existence of the family relation between her and her husband must have continued to the date of the death of the latter, unless the separation was the result of such misconduct by the husband as would entitle the wife to a divorce. Apparently the court below failed to recognize the well-settled difference between the rights of a widow under the two statutes, and treated the question before it as involving the right of the widow to take under the intestate law. This was error. As it is admitted that the family relation did not exist between the husband and wife for a period of more than twenty months prior to his death, and the fact is found upon abundant evidence to sustain it that the conduct of the husband did not justify the abandonment, the claimant is not such a widow as is contemplated by the statute and, therefore, is not entitled to the exemption of $500.

The first assignment of error is sustained and the decree is reversed, costs to be paid by the estate.