## Brokehoff's Estate.

*Decedent's estate—Husband and wife—Non-support—Divorce a mensa et thoro—Effect on curtesy rights.*

1. A husband's right to share in the estate of his deceased wife, who has secured a divorce from him *a mensa et thoro*, cannot be defeated by a charge of desertion because they lived separate and apart until her death, nor by his failure to support her when she had released him from obligation to support for a valuable consideration.

2. A divorce *a mensa et thoro* is merely a legal separation from bed and board and suspends certain of the mutual rights and obligations of the parties, but does not enable them to marry again, nor does it affect their marriage property rights or estates.

Adjudication of executor's account. O. C. Schuylkill Co., Sept. T., 1926, No. 6.

*J. W. Moyer*, for accountant; *W. L. Kramer*, for claimant.

WILHELM, P. J., Jan. 24, 1927.—This audit came on to be heard Jan. 6, 1927, pursuant to due notice.

From the evidence we find the following facts:

1. Anna Maria Brokehoff died on or about Dec. 7, 1925, testate, married, leaving to survive her her husband, William Brokehoff, and the following children: 1. Emil Brokehoff, a son. 2. John H. Brokhoff, a son. 3. Rudolph Brokehoff, a son. 4. Gertrude Gueers, a daughter. 5. Maria Meade, a daughter. 6. Henry Brokehoff, a son.

2. By her last will and testament, the testatrix, after providing for the payment of her debts, funeral expenses and the erection of a tombstone, bequeathed the residue of her estate, share and share alike, to her five children, Emil Brokehoff, John Henry Brokehoff, Gertrude Gueers, Maria Wilhelmina Meade and Rudolph Henry Brokehoff, and noted that her son, Henry John Brokehoff, had already been given his fair share in her estate.

3. William Brokehoff, the husband, filed his election to take against the will on Nov. 18, 1926.

4. The balance for distribution arises from personal property and amounts to $3216.44, against which there are no claims of creditors.

5. The transfer inheritance tax has been paid and credit taken for the same in the account.

6. The only legal question raised is the right of William Brokehoff, the husband of the testatrix, to inherit a portion of the estate under the intestate laws. He filed his election to take against the will, and his marriage to the testatrix not being in dispute, *prima facie*, he has an interest by devolution.

It appears that this husband and wife were married many years ago and lived on a farm. Children were born to them. Their relations were not pleasant. The wife left the farm on several occasions by reason of the quarrels and disputes which arose between them and the cruel treatment on the part of the husband to which she was subjected.

### Brokehoff's Estate.

The husband was the owner of a farm situated in Blythe Township, and, in order to effect a reconciliation with his wife, conveyed to her an undivided half-interest in the farm on May 13, 1908. Within several weeks after the reconciliation which led up to the conveyance to the wife, she again left the farm and on Nov. 30, 1908, instituted proceedings in divorce *a mensa et thoro*. This divorce was duly prosecuted, and on Oct. 18, 1909, a decree of divorce *a mensa et thoro* was entered by the court, which provided that the respondent, William Brokehoff, should pay to his wife monthly alimony; and the decree separating the husband and wife was not modified during the lifetime of the wife.

On Feb. 10, 1923, the husband, William Brokehoff, having found a purchaser for the farm, and having secured the wife's consent to the sale, he, in conjunction with his wife, executed a deed of conveyance and sold the same for $12,000.

On the same day, Anna Maria Brokehoff executed the following release to William Brokehoff, her husband:

"And now February 10th, 1923, I, Maria Brokehoff, of the Boro of Mechanicsville, Schuylkill County, Pennsylvania, for and in consideration of the sum of Six thousand dollars received from the sale of a farm in Blythe Township, County and State aforesaid, owned jointly between myself and my husband William Brokehoff, I hereby release my right to any and all support which I might be entitled in the past and future in full settlement for all claims I may have against the said William Brokehoff.

"In Witness Whereof I have hereunto set my hand and seal the day and year aforesaid.

"Witness                        Mrs. MARIA BROKEHOFF   (Seal)"
    "Joseph W. Moyer.

It is not alleged that this release was obtained by fraud or that Anna Maria Brokehoff did not fully understand what she was doing when she signed the release, or regretted signing it at any time before her death.

Upon these facts, we are asked to conclude that William Brokehoff wilfully neglected or refused to provide for his wife, and had for a year previous to the death of his wife wilfully and maliciously deserted her.

We fail to understand how a husband can be charged with wilfully neglecting or refusing to support his wife when the wife has released the husband from any and all support to which she might be entitled in the past or in the future. Where there is a neglect on the part of the husband to support his wife, due to an agreement on her part that he need not support her, how can it be said that the neglect on his part is wilful? The lack of support of the wife is the subject of mutual agreement in this case; therefore, it is not wilful under the act, which bars a husband from participating in his wife's estate under the intestate laws.

It appears to be undisputed that, after the decree of divorce carrying alimony was entered, William Brokehoff was delinquent on several occasions in making the monthly payments, and it was necessary to institute proceedings against him on account of his delinquency; but the release given to him by his wife, absolving him from all claims for past and future support, condones his former delinquency, and if the testatrix in her lifetime could make no claim for delinquency, her legatees cannot plead it after her death: Arnout's Estate, 283 Pa. 49.

It appears that, after the sale of the farm, William Brokehoff went to Germany and spent some months there. Later, he returned to this county,

and, after spending some time here, made another trip to Germany, and did not inform his wife in either instance of his contemplated visit to Germany, and it is asserted that his leaving the country was a desertion of his wife.

We know of no law that requires a husband, whose wife has secured a divorce *a mensa et thoro*, to keep his wife informed as to his whereabouts or as to his intention to leave the country. The decree of divorce obtained by the wife in effect said that they were to live separate and apart.

It is not alleged that William Brokehoff was evading any legal process. He had a full and complete acquittance from her of any liability for support, and he had the right to live and visit where he desired. By her act in releasing him from the obligation of support, and her activity in securing a decree of divorce, he was relieved of any claim for support or obligation to live with her, either under the 2nd section of the Act of May 4, 1855, P. L. 430, or the Intestate Act of 1917: Estate of William Moore, Sr., 47 Pitts. L. J. 394.

Apparently, the wife was satisfied with the situation as it existed after she signed the release for support. She never made any subsequent demand upon him for support, nor did she attempt to change their situation towards each other by demanding that full marital relations be resumed or restored. It is to be presumed, therefore, that she was content that they should live separate and apart. If she had attempted to change the relations established by the decree *a mensa et thoro*, she might have placed the husband, if he resisted, in a position where wilful and malicious desertion could have been successfully charged against him, but, in the absence of any activity in this respect on her part, the charge of desertion by her legatees fails.

A divorce *a mensa et thoro* does not dissolve the bonds of matrimony, and does not absolutely destroy the relation of husband and wife. It is a legal separation from bed and board. Such a divorce does not put an end to the marriage tie, but it does suspend certain of the mutual rights and obligations of the parties indefinitely or for a limited time. Such a divorce does not enable the parties to marry again, nor does it affect their marriage property rights or estates dependent upon coverture.

It was said by Mr. Justice Rogers in Clark *v.* Clark, 6 W. & S. 85, 87: "As a divorce *a mensa et thoro* does not destroy the relation of marriage, but merely suspends some of the obligations arising out of that relation, it follows that the right, as regards succession to property, is not impaired. Thus, a wife, after a divorce on account of cruelty, is dowable of her husband's land. So a husband is tenant by the curtesy of his wife's lands. The husband is also entitled to her personal property, and he may release a legacy given to his wife, notwithstanding a divorce. . . . Thus, it appears that the title to property, whether dower, curtesy or personal estate, is affected by a divorce according to the nature of the divorce; for if it be a dissolution of the marriage and then only, the rights consequent upon it will cease. But where the bond of matrimony is not dissolved, as in case of a divorce *a mensa et thoro*, the rights of the parties, so far as regards succession to property, remain as before.

It was said in Arnout's Estate, 283 Pa. 49 (Schuylkill County): "Where a husband consents to the wife's going, the status is one of mutual separation and she cannot be charged with wilful desertion until he .in good faith has requested her return."

In the instant case the failure to support by the husband was condoned by an agreement signed by the wife. Their living apart was in obedience to a judicial decree, and where the failure to support and the failure to live together does not constitute a wilful or malicious act, the surviving spouse is

entitled under the intestate laws to his or her interest in the estate of the deceased spouse.

7. The balance in the hands of the accountant is distributable according to the intestate laws and the provisions of the will, and there is awarded to William Brokehoff one-third, and of the balance remaining there is awarded to Emil Brokehoff, 2/15; John H. Brokehoff, 2/15; Rudolph Brokehoff, 2/15; Gertrude Gueers, 2/15; Maria Wilhelmina Meade, 2/15.

The court having examined and audited said account, the same is confirmed absolutely, and the court order, adjudge and decree the following distribution:

Balance in hands of accountant........................ $3216.44

*Distribution.*

| | |
|---|---|
| William Brokehoff........................... | $1072.15 |
| Emil Brokehoff.............................. | 428.86 |
| John H. Brokehoff.......................... | 428.86 |
| Rudolph Brokehoff.......................... | 428.86 |
| Gertrude Gueers............................ | 428.86 |
| Maria Wilhelmina Meade.................... | 428.85 |
| | $3216.44 |

And it is also ordered and directed that the executor aforesaid pay to the distributees respectively the amounts herein awarded.

From M. M. Burke, Shenandoah, Pa.