## Pohlig's Estate.

*Decedents' estates — Widow's exemption — Family relationship at death essential.*

1. Where a husband and wife were living apart at the time of the husband's death under circumstances which indicate that the relationship either was or had become consentable, the widow is not entitled to her exemption, as the family relationship did not exist.

*Widow's election against will—Consentable separation.*

2. Where decedent was guilty of desertion, his widow may elect to take against his will, although the separation may have subsequently become consentable.

Per Van DUSEN, J., Auditing Judge.

Exceptions to adjudication. O. C. Phila. Co., July T., 1926, No. 2113.

The facts appear from the following extract from the adjudication of

VAN DUSEN, J., Auditing Judge.—August Richard Pohlig died May 20, 1926, married and without issue, but with one adopted daughter, leaving a will, by which he gave his wife, Sarah E. Pohlig, five dollars, and to his adopted

Pohlig's Estate.

daughter, Emma May Brown, and to Florence L. Hannum equally the residue of his estate. The wife elected to take against the will, and her right to do so was resisted under section 6 of the Intestate Act, on the ground that she had "for one year or upwards, previous to the death of her husband, wilfully and maliciously deserted" him.

The wife testified without objection. It was admitted (page 20½) that for over thirteen years before testator's death he and his wife had lived apart. During most of that time he lived as a boarder at the house of Mrs. Hannum, one of the residuary legatees, who also testified at length. The recriminations of the two women established nothing material as to the merits of the difference between husband and wife.

The most serious item of evidence against the wife was a letter written by her, after the marriage, to a man friend, couched in affectionate terms. It had been treasured by the husband in his safe deposit-box. It does not prove that the wife was guilty of adultery, and after it was discovered by the husband, he continued to occupy the same bed and board with his wife for eight years (page 34). The wife received only inconsiderable sums from the husband after the separation, and made no effort to compel him to support her. She saw him a few times during these years, and visited his home when he was at the hospital in his last illness. Mrs. Hannum refused to give her information as to the husband's whereabouts, by his direction. The wife discovered the hospital where he was and visited him there. Undue intimacy between testator and Mrs. Hannum was intimated, but far from proved.

I think the burden was on those claiming under the will to show wilful and malicious desertion, and that the separation which was admitted does not throw the burden on the wife to justify it. Innocence should be presumed: Rudolph's Estate, October Term, 1920, No. 619, Henderson, J., contra. O'Connor's Estate, 2 D. & C. 229 (obiter).

In this case it was the husband who departed from the common habitation (pages 22, 48). Probably this was against the wife's consent at the time, and there is no evidence that it was ever justified in the legal sense; but I conclude from the whole evidence that it soon became and continued to be "consentable" (Olson v. Olson, 27 Pa. Superior Ct. 128; Stauffer's Estate, 89 Pa. Superior Ct. 531; Braum's Estate, 88 Pa. Superior Ct. 109), in the sense that they lived apart without either having legal cause to leave the other, or either, so far as appears, making an effort to resume marital relations. Such a separation is not wilful and malicious desertion. Only proof that the husband was entitled to a divorce would justify his leaving his wife, and there was nothing of that character shown. He made no attempt to get a divorce, and told a friend that he could not (page 37). The objection noted on page 36 is overruled.

I, therefore, sustain the right of the wife to take against the will.

Claim was made for the widow's exemption, but she is not entitled to it, for she was not living with the husband in family relation. In such case, she must show affirmatively that the husband interrupted that relation under such circumstances as would have entitled her to a divorce: Crawford's Estate, 81 Pa. Superior Ct. 222; Braum's Estate, 86 Pa. Superior Ct. 245; Stauffer's Estate, 89 Pa. Superior Ct. 531; Arnout's Estate, 283 Pa. 49. If the separation began with the husband's act, it later became consentable, as I have found.

*Byron, Longbottom, Pape & O'Brien,* for exceptions; *Evan B. Lewis,* contra.

THOMPSON, J., May 27, 1927.—The exceptions before us relate to the refusal by the Auditing Judge of the widow's claim for her $500 exemption. Claimant

and decedent were not living together for a period of fifteen years prior to decedent's death under circumstances which the Auditing Judge found to be consentable: Olson v. Olson, 27 Pa. Superior Ct. 128. No exceptions are filed to this finding of fact. As the family relationship did not exist at the time of decedent's death, the claim was properly rejected: Arnout's Estate, 283 Pa. 49.

The exceptions are dismissed.

Henderson, J., did not sit.