## Schwartz's Estate.

*Decedent's estate—Widow's exemption — Desertion — Separation by consent.*

1. A widow's claim for exemption will not be refused on the ground that at the time of her husband's death they were living apart by mutual consent where it appears deceased left her and refused to return at her request, stated to a third person he did not want to see her any more, and started a proceeding for divorce, and she obtained an order against him for support.

2. The mere fact that it further appears that husband and wife met frequently and he gave her money in lieu of the court order does not amount to consent on her part to the separation, in the absence of proof that he offered to return or that the separation was through fault of hers.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1925, No. 3214.

VAN DUSEN, J., Auditing Judge, said:

"The widow claimed the $500 exemption. I find that the husband and wife had not been living together for some time before his death and that the family relation did not exist between them. The wife obtained an order for support from the Municipal Court, which was modified and later revoked. She met her husband regularly on the street, received money from him with fair regularity, and sometimes spent the night with him at her sister's. From these facts I find that the separation was consentable: Olson v. Olson, 27 Pa. Superior Ct. 128; Braum's Estate, 86 Pa. Superior Ct. 245 (also 88 Pa. Superior Ct. 109 and Superior Court Advance Reports of Oct. 14, 1927, page 225); Stauffer's Estate, 89 Pa. Superior Ct. 531; Pohlig's Estate, No. 2113, July Term, 1926; Holcomb's Estate, No. 3575, October Term, 1924; Foscola's Estate, No. 80, January Term, 1927. The claim is rejected.

"The widow also claimed her $5000 allowance. The existence of the family relation is not necessary here, and the burden is on the objector to show that the separation was a wilful and malicious desertion by the wife. The fact has been found otherwise, and the claim is allowed: Arnout's Estate, 283 Pa. 50; Braum's Estate, 88 Pa. Superior Ct. 109 (see, also, other citations of same case, *supra*)."

*Jacob Hoffman*, for exceptions; *Clinton Rogers Woodruff*, contra.

THOMPSON, J., May 28, 1928.—The first exception relates to the refusal of the Auditing Judge to allow the widow of the decedent her exemption of $500, said refusal being based on the fact that the domestic relation did not exist at the time of the death and that the claimant and the decedent were living apart under circumstances which the Auditing Judge thought amounted to a consentable separation. In this conclusion we think the Auditing Judge was in error.

We have read the testimony with care, and from the same it appears that the claimant and decedent lived together for three years after their marriage, and the separation took place in 1921 or 1922 by the decedent leaving their common home under circumstances which claimant testifies as follows (page 7):

"Q. Can you tell the circumstances under which he left you? A. He wanted to keep on running with Bloch—this fellow here (indicating a person in the court-room)—Wolffe and a gentleman named Kahan. Q. Did he leave at night or in the morning or in the afternoon? A. In the morning; packed his suit-case and went. Q. What did you do? A. I went to the Municipal Court later. I went and asked him to come home and he did not want to. I went to the Municipal Court and the judge asked him if he wouldn't go home and he says No, he didn't want to. Q. And he refused to do it? A. Yes."

A disinterested witness testified that the decedent, speaking of the claimant, said as follows (page 27):

"Q. Did you ever hear Mr. Schwartz say that he had been to see Mrs. Schwartz? A. No. He said the year after he was sick with an operation—he says he didn't want to see her any more, and he went to a lawyer for a divorce and he said, "I have seen her on Market Street, and I have run away because I paid in for a divorce.""

No further reference to a divorce proceeding appears in the testimony.

The testimony further shows that the claimant obtained an order of support against the decedent in the Municipal Court, which order was subsequently modified and never enforced, for the very good reason that after the same was obtained, decedent met claimant on the street once a week and gave her sufficient money to live on, at which times he occasionally took her to the

Schwartz's Estate.

theatre, to supper, and occasionally spent the night with'her. From the testimony it clearly appears that the decedent did not object to occasionally seeing his wife under the circumstances above mentioned, but nowhere does it appear that he ever offered to come back to her. It does not appear that claimant repeatedly asked the decedent to resume their domestic life together. Apparently she was satisfied that when she did ask him to come back and he refused and continued to support her, that was the best she could get under the circumstances. A constant nagging at him to return to her might have resulted in his refusal to support her, and the claimant made the best of the circumstances as above outlined, and while it is true that decedent was not living with claimant at the time of his death, it was through no fault of hers. He deliberately left her, and, although he supported her, she asked him to come back and he refused to do so.

The third, fourth, fifth, sixth and seventh exceptions relate to the allowance of claims against the decedent's estate. The Auditing Judge was abundantly justified by the evidence in allowing these claims, and exceptions three to seven, inclusive, are, therefore, dismissed.

The eighth exception relates to the action of the Auditing Judge in finding that the decedent was survived by certain next of kin in addition to his wife. As the decedent died intestate and without issue, and as the $500 exemption and the $5000 allowance, together with the claims allowed, leave no fund for distribution among the next of kin, we will not further discuss this exception and the same is, therefore, dismissed *pro forma* and without prejudice.

The first exception is, therefore, sustained and the adjudication modified accordingly, and as modified is confirmed.

VAN DUSEN and STEARNE, JJ., dissenting.—The right to the exemption depends upon the existence of the family relation at the time of death; but there is an exception where husband and wife are not living together through the husband's fault. The husband's fault is such conduct on his part as would entitle the wife to a divorce at the time of his death: Crawford's Estate, 81 Pa. Superior Ct. 222; Braum's Estate, 86 Pa. Superior Ct. 245.

The husband in the case at bar originally deserted the wife; but thereafter she permitted a Municipal Court order for support to be revoked by agreement, continually met her husband on the street by appointment, regularly received money from him for support, and sometimes spent the night with him at her sister's house. The parties drifted into a position where the separation was consentable; and the wife was not entitled to a divorce or her exemption.