18385

Johnnie Lee LINDSEY, Respondent, v. Fair Staton LINDSEY, Appellant

(143 S. E. (2d) 524)

*Messrs. Bouton & Bryson,* of Greenville, for Appellant,

*Messrs. W. Allen Reese* and *Marvin R. Reese,* of Greer, for Respondent,

July 26, 1965.

TAYLOR, Chief Justice.

This appeal is from an Order granting plaintiff a divorce on the grounds of constructive desertion and physical cruelty. The defendant-wife in her answer denied the allegations of the complaint and sought the aid of the Court in bringing about a reconciliation between the parties. A motion for suit money *pendente lite* was also filed on behalf of defendant.

The matter was referred to the Master, who, in his report of October 9, 1964, concluded that plaintiff had left defendant without just cause or excuse, and recommended that a divorce be denied and that defendant be awarded reasonable suit money in the amount of $250.00. Exceptions to this report were taken by plaintiff; and the Judge, arriving at conclusions different from the Master, issued his decree of January 5, 1965, granting plaintiff a divorce on the grounds of physical cruelty and constructive desertion and ordered payment of defendant's attorneys in the amount of $125.00 as counsel fees.

The parties were married in Greenville County in 1924 and lived together until 1949 when the plaintiff left the home. They have lived separate and apart for approximately 15 years. It is plaintiff's contention that he left the home due to defendant's unjustified jealousy and nagging which grew so unreasonable and severe that he was deprived of needed rest and sleep, and that such conduct amounted to physical cruelty within the meaning of our Divorce Statute, Section 20-101, Code of Laws of South Carolina, 1962.

The only form of cruelty justifying divorce in South Carolina is physical cruelty, *Barstow v. Barstow,* 223 S. C. 136, 74 S. E. (2d) 541. The primary issue before the Court was whether or not the evidence was sufficient to establish physical cruelty. The testimony relied upon to establish this contention appears as follows:

"Q. About 15 years ago—you say you lived together until about 15 years ago, tell the Court in your own words what happened?

"A. She had been jealous of me for a year or so about different people. I was working in the mill at Greer and hauling riders. The riders kept dropping off and got down to one which was a lady. I didn't quit hauling her. I was going back and forth and she had no way to go to work and she really got jealous."

\*   \*   .   \*

"Q. Explain to the Court the nature of her nagging you?

"A. It got worse and I was working on the second shift, got off at 12 o'clock at night. It finally got so bad there was several nights when I would get home that the nagging would be so bad I didn't get to go to sleep or get any rest all night long. I taken it as long as I could stand it and I left home."

This Court stated in *Brown v. Brown*, 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163:

"Physical cruelty, as used in divorce law, has generally been defined by our courts as actual personal violence, or such a course of physical treatment as endangers life, limb or health, and renders cohabitation unsafe. \* \* \* In determining what acts constitute cruelty under our statute authorizing a divorce, regard must be had, not only to the provisions of the statute, but also to the circumstances of each particular case.

"Continued acts of personal violence producing physical pain or bodily injury and a fear of future danger are recognized as sufficient cause for a divorce for cruelty in nearly all jurisdictions, especially where accompanied by other acts of ill treatment. 27 C. J. S., Divorce, § 26, page 549. It is not every slight violence, however, committed by the husband or wife against the other, even in anger, which will authorize the divorce.

"It is generally held that a single act of physical cruelty does not ordinarily constitute ground for divorce, unless it is so severe and atrocious as to endanger life, or unless the act indicates an intention to do serious bodily harm or causes reasonable apprehension of serious danger in the future. A single act of aggravated cruelty may, however, warrant a divorce if accompanied with such precedent or attendant circumstances as to satisfy the court that such acts are likely to be repeated. 27 C. J. S., Divorce, § 25b, page 548; *Phinizy v. Phinizy,* 154 Ga. 199, 114 S. E. 185; *Smith v. Smith,* 125 W. Va. 489, 24 S. E. (2d) 902; Nye's Appeal, 126 Pa. 341, 17 A. 618, 12 Am. St. Rep. 873; Annotation, 65 Am. St. Rep. 69."

Although the trial Judge did not consider "nagging" *per se* as a sufficient showing of physical cruelty, he was of opinion that the employment thereof to prevent sleep was sufficient physical cruelty to authorize the divorce.

In *Barstow v. Barstow, supra,* 223 S. C. 136, 74 S. E. (2d) 541, the husband sought a divorce on the grounds of physical cruelty and desertion. He complained of being struck on occasion with a spiked shoe and being "constantly nagged and abused" by his wife to such an extent that he was "forced to leave and live separate and apart" from her. The Court held that such "nagging" does not constitute physical cruelty.

The evidence, in our opinion shows nothing more ▮▮ than incompatibility between the parties characterized by the nagging of the wife and such conduct does not constitute physical cruelty within the contemplation of our divorce statute. For like reason no divorce may· be granted on the ground of constructive desertion as plaintiff voluntarily left his wife and her conduct, not being sufficient in itself to constitute a ground for divorce, did not afford him sufficient justification to leave the home. *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629; *Mincey v.*

*Mincey,* 224 S. C. 520, 80 S. E. (2d) 123; *McLaughlin v. McLaughlin,* 244 S. C. 265, 136 S. E. (2d) 537.

The trial Judge set counsel fees at $125.00 rather ■ than $250.00 recommended by the Master, basing his conclusion on the fact that plaintiff prevailed. Since this decree must be reversed, this reasoning is no longer applicable; and such matters being within the discretion of the hearing Judge, counsel for defendant is hereby granted leave to move before the hearing Judge to set a reasonable fee.

For the foregoing reasons, we are of opinion that the Order appealed from should be reversed; and it is so ordered. Reversed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.