## Lawton's Estate.

*Decedents' estates—Husband and wife—Agreement of separation —Wife's interest in husband's estate—Desertion—Act of June 7, 1917, P. L. 435, section 6.*

Where a husband and wife entered into an agreement in writing in which they recite that, because of "divers disputes and differences, they have consented and agreed to live separately and apart from each other during their natural lives," and there is nothing to show that either ever released, waived or relinquished his or her rights in the estate of the other, including the right of inheritance, and they lived apart until the husband's death, the children of the husband cannot, after his death, oppose the allowance to the wife of her statutory interest in her husband's estate, under the Act of June 7, 1917, P. L. 435, on the ground of wilful and malicious desertion. As the husband was content with the provisions of the agreement during his lifetime, his children cannot do what their father did not see fit to undertake while he lived.

Argued February 10, 1920. Appeal, No. 208, Jan. T., 1920, by Martha L. Smith et al., from decree of O. C. Chester Co., dismissing exceptions to auditor's report in estate of Jabez B. Lawton, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to report of Guy W. Knauer, Esq., auditor. The opinion of the Supreme Court states the facts.

The court, in an opinion by HAUSE, J., dismissed the exceptions. Martha L. Smith and Amy A. Faddis, children of decedent, appealed.

*Error assigned* was in awarding to the wife her allowance as widow.

W. S. Harris, for appellants, cited: McKennan v. Phillips, 6 Wharton 571; Bickford v. Cooper & Co., 41

Pa. 142; Russell v. Allerton, 108 N. Y. 288; Howe v. Howe, 16 Pa. Superior Ct. 193.

*George B. Johnson,* for appellees, was not heard.

PER CURIAM, March 15, 1920:

This appeal is from the allowance to Alice A. Lawton of statutory interest in the estate of her late husband, Jabez B. Lawton, who died intestate December 30, 1917. The allowance is opposed by several of his children, on the ground that the widow had wilfully and maliciously deserted him. In August, 1902, they agreed, in writing, to live separate and apart, and did so until the husband died. The correct conclusion of the auditor appointed to make distribution was: "It does not appear from a careful consideration of the whole agreement that either had in contemplation the cession of the right of inheritance in the estate of the other. Neither does it appear that either ever released, waived or relinquished his or her rights in the estate of the other. Therefore, Alice A. Lawton, as surviving widow, is entitled to her distributive share under the intestate laws." Exceptions to the report of the auditor were dismissed by the court below, and its decree is affirmed on the following from its opinion dismissing them: "If we correctly appreciate the ground of opposition to this surviving wife's claim to a share of her deceased husband's estate, it is this: When the agreement of separation was executed, the wife's conduct toward her husband was such that he was, in effect, driven from his home; that she was, therefore, guilty of wilful and malicious desertion and so continued until the husband died and thus deprived herself of her interest in the estate under section 6 of the Intestate Act of 1917. The answer to this proposition is that there was no testimony submitted to the auditor from which such fact could be found and, even if such finding were present, the agreement most explicitly negatives such fact as the moving cause for its execu-

tion. Because of 'divers disputes and differences,' says the agreement, 'they have consented and agreed to live separate and apart from each other during their natural lives.' This undertaking was mutual; they separated because they could not live happily together; the husband was relieved of all legal obligations to his wife during his life; they later modified the agreement when the farm was sold and he died without having, at any time, questioned the validity of the agreement. They continued to live separate and apart in conformity with the terms of the paper they had executed and neither one can successfully invoke the aid of the court to set it aside after the death of the other: Singer's Est., 233 Pa. 55. The situation here is the more anomalous because of the fact that the validity of the agreement is attacked by children of the dead husband though from the date of its execution until his death he was content with its provisions. They cannot undertake now to do what their father did not see fit to undertake while he lived."

Decree affirmed at appellant's costs.