## Estate of August Braum, Deceased.

*Decedent's estate—Wills—Interpretation—Intestate Act of 1917, P. L. 429, section 6.*

A testator, who had not been living with his wife for twenty months devised as follows: "I give and bequeath to my wife, Gertrude Braum, who has left my bed and board of her own free will, just what she is entitled to under the law, and no more."

The wife was awarded the share she would have taken under the intestate law, and exceptions were filed on the ground that she had deserted her husband and, therefore, could not participate in her husband's estate. The court below found as a fact that the separation was by mutual consent and that the husband never made any effort to induce his wife to resume marital relations. Under such circumstances the widow was entitled to take under the Intestate Act.

The mere fact that the husband and wife had been living apart was not controlling. Desertion is an actual abandonment of matri-

monial cohabitation, with an intent to desert, without cause or the consent of the other party. Separation is not desertion. This separation being by consent, lacked the elements of wilful and malicious desertion, and the wife was, therefore, entitled to participate in the distribution of her husband's estate in accordance with his will.

There is a distinction between the right of the widow to take under the Intestate Act of 1917, P. L. 429, and her right to the widow's exemption under the Fiduciaries Act of 1917, P. L. 447. A wife may be entitled to participate in the distribution of her husband's estate under the Intestate Law, although she has forfeited her right to exemption. The different rights are based upon different statutes, and whether they are to be sustained or denied is dependent upon totally different conditions.

Argued April 29, 1926. Appeal No. 140, April T., 1926, by Joseph M. Braum, from decree of O. C. Allegheny County, October T., 1925, No. 111, dismissing exceptions in the Estate of August Braum. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Exceptions to adjudication. Before Miller, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned,* among others, was the decree of the court.

*Frank A. Ammon,* for appellant.—The wife was not entitled to participate in her husband's estate: Act of June, 1917, P. L. 429; Crompton v. Crompton, 68 P. L. J. 576; Canavan's Estate, P. L. J. Vol. 69, 84; Van Dyke v. Van Dyke, 135 Pa. 459; Leonard v. Leonard, 67 Pa. Superior Ct. 414.

*Joseph M. Friedman,* for appellee, cited: Arnout's Estate, 283 Pa. 49; Appeal of Cain Nye, 126 Pa. 341; Ingersoll v. Ingersoll, 49 Pa. 251.

OPINION BY PORTER, P. J., July 8, 1926:

This is an appeal from a decree of the court below awarding to Gertrude Braum, the widow of the decedent, one-third of the balance remaining in the hands of the executor for distribution. The will of August Braum contained the following provision: "I give and bequeath to my wife, Gertrude Braum, who has left my bed and board of her own free will, just what she is entitled to under the law, and no more." This being the only reference to his wife in the will she can take only what she would be entitled to under the intestate law. The residuary legatee contends that Gertrude Braum, the widow, had been guilty of wilful and malicious desertion of her husband during the last twenty months of his life, and because of the Intestate Act of 1917, P. L. 429, sec. 6, which provides: "No wife who shall have, for one year or upwards previous to the death of her husband, wilfully and maliciously deserted her husband, shall have the right to claim any title or interest in his real or personal estate after his decease, under the provisions of this Act," that the court erred in awarding her any portion of the fund for distribution.

There was no dispute as to the fact that the testator and his wife had, for more than a year previous to his death been living separate and apart. We held in an opinion by our brother GAWTHROP, in August Braum's Estate, 86 Pa. Superior Ct. 245, that this widow was not entitled to take the widow's exemption provided for by the Fiduciaries Act of 1917, P. L. 447. That decision was based upon the ground that a widow who did not stand in the family relation toward the decedent was not entitled to the exemption, unless the separation was the fault of the husband; that if the parties had separated by mutual consent the right to the exemption ceased to exist. The distinction between the right of the widow to

take under the Intestate Act of 1917, P. L. 429, and her right to the widow's exemption under the Fiduciaries Act of 1917, P. L. 447, was in the opinion in that case distinctly pointed out, and it was there said: "A wife may be entitled to participate in the distribution of her husband's estate under the Intestate Law, although she has forfeited her right to the exemption." The different rights are based upon different statutes, and whether they are to be sustained or denied is dependent upon totally different states of fact: Arnout's Estate, 283 Pa. 49.

This widow was entitled to take under the Intestate Act unless she had "wilfully and maliciously deserted her husband," for one year or upwards previous to his death. The mere fact that the husband and wife had been living apart was not controlling. Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, without cause or the consent of the other party. Separation is not desertion. The vice of appellant's contention is the assumption that the separation amounted to a desertion by the wife. The court below found as a fact that the separation in this case was by mutual consent and that the decedent never made any effort to induce his wife, the appellee, to resume marital relations. This finding is based upon competent evidence and nothing appears in the case which would warrant us in disturbing it. The separation being by consent, lacked the elements of a wilful and malicious desertion: Ingersoll v. Ingersoll, 49 Pa. 249; Middleton v. Middleton, 187 Pa. 612. The assignments of error are dismissed.

The decree is affirmed at the cost of the appellant.