## Stauffer's Estate.

*Decedent's estate— Husband and wife—Separation—Widow's ex-
emption—Fiduciaries Act of 1917, P. L. 471, Section 12—Intestate
Act of 1917, P. L. 429, Section 6.*

Where a husband and wife separated by consent more than a
year before the death of the former, the wife is not entitled to
have set apart to her the widow's exemption of $500, allowable
under the provisions of section twelve of the Fiduciaries Act of
1917, P. L. 471

The Fiduciaries Act was a codification of earlier statutes and
while it does not, in Section 12, follow literally the Act of April 14,
1851, P. L. 612, the provisions are substantially the same.   There
is nothing to indicate a legislative intention to depart from the

established rule that the right to claim an exemption depends upon the existence of the family relation, unless the separation has occurred through the fault of the husband.

Section 6 of the Intestate Act of 1917, P. L. 429, has no application in determining the validity of the claim of a widow to the exemption under the 12th section of the Fiduciaries Act.

The widow's exemption is not a title or interest passing under the intestate laws. It is a pure gratuity by force of law and is not and never was created or existent under the intestate laws of Pennsylvania.

A widow who has forfeited her right to the exemption may still be entitled to participate in the distribution of her husband's estate under the Intestate Law.

Argued November 8, 1926. Appeal No. 250, October T., 1926, by Annie S. Nagle from decree of O. C. Lancaster County, June T., 1926, No. 11, in the estate of John H. Stauffer, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Rule to show cause why appraisers should not set aside the $500 widow's exemption. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

The Court made the rule absolute. Annie S. Nagle appealed.

*Errors assigned* were to the opinion and decree of the Court.

*Joseph B. Wissler,* for appellant.—Unless the conduct of a husband justifies the abandonment by his wife, the family relationship must have existed up to and until her husband's death in order to entitle the claimant to the widow's exemption: Odiorne's Appeal, 54 Pa. 175; Sipes v. Mann, 39 Pa. 414; Crawford's Estate, 81 Pa. Superior Ct. 222; Estate of August Braum, 86 Pa. Superior Ct. 245.

*William Harnish* of *Harnish & Harnish,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

This is an appeal from an order of the Orphans' Court of Lancaster County directing the administrator of the decedent's estate to have appraised and set apart for Barbara Stauffer, his widow, personal property of the value of $500, as a widow's exemption.

By section 12 (a) of the Fiduciaries Act of 1917, P. L. 447, 471, it is provided that unless she has forfeited her rights, the widow may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to her husband's estate, to the value of five hundred dollars.

The learned judge of the court below was apparently of the opinion that the forfeiture referred to in said section was that declared by the Intestate Act of 1917, P. L. 429, Sec. 6, p. 435, to-wit, "No wife who shall have, for one year or upwards previous to the death of her husband, wilfully and maliciously deserted her husband, shall have the right to claim any title or interest in his real or personal estate after his decease, *under the provisions of this Act.*" (Italics ours.) But such is not the case. Section 6 of the Intestate Act, supra, is an exact reenactment of the second paragraph of the Act of May 3, 1915, P. L. 234, which placed a wife on a substantial parity with her husband in case of wilful desertion for one year or upwards; except that instead of the words "under the intestate laws of this Commonwealth" as they appeared in the Act of 1915, the Intestate Act of 1917 says, "under the provisions of this Act," which means precisely the same thing. The widow's exemption is not a title or interest passing under the intestate laws: Hildebrand's Est., 262 Pa. 112. It is "a pure gratuity by force of law": Sipes v. Mann, 39 Pa. 414, 417; and is not and never was created by or existent under the *intestate* laws of

the Commonwealth. Hence the forfeiture referred to in section 12 (a) of the Fiduciaries Act providing for the widow's exemption, is not that engrafted on the intestate law by the Act of 1915, supra, and re-enacted in section 6 of the Intestate Act of 1917, but the forfeiture of the widow's exemption established by a long line of judicial decisions construing section 5 of the Act of April 14, 1851, P. L. 612, (amended in 1913, P. L. 877) and substantially re-enacted in the Fiduciaries Act, Sec. 12 (a) aforesaid. The subject was gone into at some length by President Judge PORTER in Crawford's Est., 81 Pa. Superior Ct. 222, from which we quote the following extracts as specially applicable: "The law was well settled, prior to the legislation of 1917, that when a wife had been voluntarily living apart from her husband, without such reasonable cause as would entitle her to a divorce, she did not upon his death become entitled to the benefit of the exemption out of his estate: Nye's App., 126 Pa. 341. None could claim who did not stand in the family relation toward the decedent, unless the separation was the fault of the husband: Henkel's Est., 13 Pa. Superior Ct. 337, and cases there cited. The language of the 12th section of the Fiduciaries Act of 1917 does not follow literally the Act of 1851, P. L. 612, but the provisions are substantially the same, although it is to be noticed that the Act of 1917 makes the right of the widow subject to the condition that she has not forfeited her rights, which words are not in the Act of 1851. The Act of 1917 was a codification of the earlier statutes upon the subjects with which it dealt, and when those earlier statutes had been construed by a long line of decisions it is presumed that the Legislature knew what the earlier statutes had been held by the highest court of the state to mean and if there had been a legislative intention to change the law on the subject such intention would have been clearly expressed. We find noth-

ing in the Fiduciaries Act of 1917 which would warrant us in holding that it was the legislative intention to change the existing law on the subject. The Act of 1851 did not expressly provide for any forfeiture of the right of the widow to exemption, nor was there any other legislation specifying the grounds upon which a forfeiture should occur. The Supreme Court held that under the provisions of the statute the right to the exemption was dependent upon the existence of the family relation unless the separation had occurred through the fault of the husband. When the Act of 1917 was adopted it clearly disclosed the legislative intention to be that the widow might 'forfeit her rights,' but it did not specify the grounds upon which such forfeiture might occur. This must necessarily lead to the conclusion that it was not the legislative intention to change the law; the reasons for forfeiture were to be the same as under the earlier legislation" (pp. 224, 225) ........ "The appellant in the present case is not asserting her right under the Intestate Law. A widow, who has forfeited her right to the exemption, may still be entitled to participate in the distribution of her husband's estate under the Intestate Law: Nye's App., supra. The widow's exemption is not an estate by inheritance, but an independent bounty: Hildebrand's Est., 262 Pa. 112; Peebles' Est., 157 Pa. 605; Buckland's Est., 239 Pa. 608. The sixth section of the Intestate Act of 1917 has no application in determining the validity of the claim of a widow to the exemption of $500, under the 12th section of the Fiduciaries Act of 1917, P. L. 471." (p. 226).

It is undisputed that, in the present case, the wife was not living with the decedent at the time of his death and had not been for one year and fifteen days. She herself testified that during that time they had not met, visited each other, written to each other, or maintained the family relation. They were married in 1917

and lived together in Elizabeth Township until April 22, 1925, when, while he was away attending a funeral, she moved her goods to a house she had bought in Ephrata and thereafter, until his death, resided there, apart from him. Her grounds for doing this were that prior to their marriage he had agreed to move away from Elizabeth Township, and pursuant thereto they had looked at several properties at Brownstown and Lititz but found none to suit them; and that she was homesick. It appeared that her husband did not object to her going but refused to go with her. The separation may not have been by mutual agreement, but it seems to have been consentable. We agree with the learned court below that the testimony as a whole did not establish a wilful and malicious desertion on her part, such as to bar her from claiming any title or interest in her husband's estate, under the intestate laws; but it showed that she was voluntarily living apart from her husband, without such reasonable cause as would entitle her to a divorce; that she did not maintain the family relation with her husband and her absence from him was not from some temporary or accidental cause: Hettrick v. Hettrick, 55 Pa. 290; and that the separation was not due to the fault of the husband, as that expression is used in the decisions; that is, he did not desert her or maltreat or abuse her or drive her away from his home or induce her to leave the common dwelling. His mere refusal to move with her to Ephrata is not such "fault" as the decisions have in view.

"The act [granting the widow's exemption] contemplates the case of a wife who lives with her husband till his death and faithfully performs all her duties to his family, not one who voluntarily separates herself from him and performs none of the duties imposed by the relation": Odiorne's Est., 54 Pa. 175, 178. We are of opinion that under the ruling in Craw-

ford's Est., supra, and the cases there cited by Judge PORTER, the appellee has forfeited her right to the widow's exemption.

Of the cases cited by the court below, Arnout's Est., 283 Pa. 49, maintains the distinction between the widow's claim under the intestate laws and her right to the $500 exemption. The widow in that case was allowed the former, but denied the latter, "on the ground that she was not a member of her husband's family at the time of his death"; and Nye's App., supra, was cited with approval, (p. 53). So too in Braum's Est., the widow was refused her claim for exemption (86 Pa. Superior Ct. 245) but allowed her share under the intestate laws (88 Pa. Superior Ct. 109). Lawton's Est., 266 Pa. 558, related only to the widow's distributive share under the intestate laws; while in Johnson's Est., 80 Pa. Superior Ct. 232, we held that a wife *wrongly induced* by her husband to leave their home did not by such separation forfeit her right to her widow's exemption. None of them supports the order in this case.

The assignment of error to the final order is sustained and the order reversed at the costs of the appellee.