Mallory's Estate.

218

Argued April 16, 1930.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Ellis L. Orvis,* of *Orvis & Zerby* and *C. H. Ruhl,* for appellants.—The auditor was right in his findings of fact and they are fully sustained by the evidence in the cause.

*Joseph R. Dickinson,* for appellee.—A finding of fact by an auditing judge of the orphans' court, based on sufficient competent evidence, will be sustained on appeal, in the absence of manifest error: Weintrob's Est., 295 Pa. 374; Stevenson's Est., 272 Pa. 291.

The right of a widow to share in the estate of her deceased husband is not governed by the law as to the right to the widow's exemption: Arnout's Est., 283 Pa. 49; Braum's Est., 86 Pa. Superior Ct. 245.

Appellee did not receive any portion of decedent's estate in his lifetime either by judicial proceedings or by gift, and even if she had it would not deprive her of a right to share in her husband's estate in the absence of an agreement to that effect.

Undoubtedly to deprive the widow there must be a wilful and malicious desertion, and the elements of a wilful and malicious desertion are the same as in divorce cases: Arnout's Est., 283 Pa. 49; Buela v. Buela, 88 Pa. Superior Ct. 575; Stauffer's Est., 89 Pa. Superior Ct. 531.

The burden is on those who aver the desertion to establish it by competent evidence and mere separation is not wilful and malicious desertion, and, no matter how long the parties may have been living apart, unless the facts show a wilful desertion, the survivor will not be deprived of participating in the estate of the deceased spouse: Kvist's Est., 256 Pa. 30; Phillips's Est., 271 Pa. 129; Schreckengost's Est., 77 Pa. Superior Ct. 235; Lawton's Est., 266 Pa. 558; Munich's Est., 256 Pa. 619; McGrew v. Hart, 11 Atl. 617; Middleton v. Middleton, 187 Pa. 612; Horn v. Horn, 17 Pa. Superior Ct. 486;

Neagley v. Neagley, 59 Pa. Superior Ct. 565; Pomerantz v. Pomerantz, 71 Pa. Superior Ct. 241; Price v. Price, 83 Pa. Superior Ct. 446; Knipe v. Knipe, 84 Pa. Superior Ct. 451; Burns v. Burns, 84 Pa. Superior Ct. 489.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 12, 1930:

Nellie Mallory, having elected to take against the will of her husband, William J. Mallory, deceased, claimed the right to participate in the distribution of his personal property under the intestate laws of this Commonwealth; the court below awarded to her a widow's share, and legatees under decedent's will have appealed.

The questions involved, stated by appellants, are: "(1) Whether or not, under the provisions of the Act of May 3, 1915, P. L. 235, a widow, nonresident of Pennsylvania, can participate in the distribution of her husband's estate and against his probated will though maintaining no relations for more than a year with said decedent. (2) Where the laws of the state where claimant has residence deny participation in wife's estate to a Pennsylvania husband against her will, will Pennsylvania courts......allow a nonresident widow to participate in decedent's estate against decedent's will?" The court below decided that, under the circumstances of this case and the law of Pennsylvania, both questions must be answered in the affirmative.

When here on a former appeal (Mallory's Est., 295 Pa. 406), we returned the record to the court below for an opinion, because that tribunal had reversed the ultimate finding of fact made by an auditor (to whom it had referred the issues in controversy), without changing his underlying findings and without stating any grounds to support its action. The case now comes to us with an elaborate opinion, in which the court below explains fully the reasons for its departure from the conclusion reached by the auditor, and, wherever it differs from him on the facts, states its own findings.

It may be noted at this point that, since the greater part of the evidence consists of depositions of witnesses who were not personally seen or heard by either the auditor or the court below, the latter was in as good a position as the former to pass thereon; under such circumstances we are warranted in accepting the findings of the court in preference to those of the auditor: see Merchants', etc., Nat. Bank v. Kern, 193 Pa. 67, 87-8, where a referee used, as the "basis of his findings of fact," depositions not taken before him, and where, on the same testimony, the court below made a vital finding different from the referee's. We there said that under such circumstances "nothing but a clear conviction that the court had erred would justify [us in] setting aside ......its finding." On the general principle involved, see also Gilbraith's Est., 270 Pa. 288, 289; Dorr v. Leippe, 286 Pa. 17, 19; Rutter v. Rutter, 292 Pa. 343, 346; Schaeffer v. Jones, 293 Pa. 529, 535. We have read the entire record and studied the testimony, and after so doing, are brought to the conclusion that the court below was entirely justified in finding, as it did, that Nellie Mallory had not deserted decedent; that he had been persuaded to leave their common home by those with whom she had no relations; that, taking into consideration all the "facts and circumstances," the separation was "one of mutual consent," and "this status of consentable separation" remained, because, from the day they parted until the time of the husband's death, he had never made "a bona fide offer to his wife to resume marital relations."

The couple here involved were first married in 1883. They were divorced by the courts of Arizona in 1904. At the time of the divorce, under the law of Arizona, which is "founded upon the Spanish theory of community property interest," certain real estate owned by the husband, or by the husband and wife in some form of tenancy in common, was set aside for her and became her sole and separate property. William J. Mallory and

Nellie Mallory were again married later in the same year, and the court below correctly concluded that, when they remarried, the separate estate of the wife, so decreed to her under the law of Arizona, remained her separate estate: see 31 C. J. 169, section 1294; Am. Dig., 2d Dec. ed., volume 9, "Divorce," section 247; Kistler v. Kistler, 141 Wis. 491, 492-3, 124 N. W. 1028, 1029; Lally v. Lally, 152 Wis. 56, 61, 138 N. W. 651, 653; see also Erwin v. Erwin (Ark.), 14 S. W. (2d), 1100, and Moore v. Moore (Wyo.), 237 Pac. 235, 236, and cases there cited. Since the remarriage would not affect Mrs. Mallory's ownership of the property decreed to her on the prior divorce, possession of it by the wife at the time of her husband's death could in no way affect her right to participate in the division of his estate under the law of Pennsylvania, and the court below properly so decided. We agree with the court below also that, irrespective of the law of the state where Nellie Mallory lived at the time of the separation between her and her husband, or of the law of the state where she lived at the date of his death, William J. Mallory having died a resident domiciled in Pennsylvania, his personal property is "administrable under the laws of Pennsylvania": Desebats v. Berquier, 1 Binn. 336; Guier v. O'Daniel, Id. n. 349, 350; Beaumont's Est., 216 Pa. 350, 354; Miller's Est., 3 Rawle 312, 318-19; 18 Corpus Juris 810, section 8.

The record in this case consists principally of evidence relating to the marital troubles of this unhappy couple, which it would serve no useful purpose to detail here. Suffice it to say that the great weight of the evidence does not sustain the auditor's findings that Nellie Mallory deserted her husband, and it does sustain the findings of the court below to the contrary. The separation here involved was, as the court below states, either brought about by those acting on behalf of the husband, or was by "mutual consent." The governing rule in this class of cases is stated by the Superior Court in Braum's

Est., 88 Pa. Superior Ct. 109, 112, in language which is applicable to the present case: "The mere fact that the husband and wife had been living apart was not controlling. Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, without cause or the consent of the other party. Separation is not [necessarily] desertion. The vice of appellant's contention is the assumption that the separation amounted to a desertion by the wife. The court below found as a fact that the separation in this case was by mutual consent and that the decedent never made any effort to induce his wife, the appellee, to resume marital relations. This finding is based upon competent evidence, and nothing appears in the case which would warrant us in disturbing it. The separation......lacked the elements of a wilful and malicious desertion." See also Mr. Justice Kephart's opinion in Lodge's Est., 287 Pa. 184, 186-8.

There remains but one other point to consider. Appellants contend that, when Nellie Mallory claimed the $500 exemption, allowed to a widow by the law of Pennsylvania, and it was denied to her by the court below, such denial was tantamount to a finding that she was a deserting spouse, and that fact, being thus established, should be treated as res judicata of her present claim. With this contention we cannot agree, for the opinion of the court below in the exemption proceedings plainly states that it does not determine the right of the claimant to participate in the ultimate distribution of her late husband's estate, and shows clearly that the exemption was not denied on the ground of desertion by her; on the contrary, even at that early stage, the court stated that William J. Mallory and his wife "parted on good terms," and that the exemption was denied solely on the ground that, at the time of decedent's death, Nellie Mallory was not a member of his family. On the law involved, the court below correctly ruled that this statutory "exemption is......allowed......to tide over the necessities of the family when the head of it is stricken

down," and, to succeed in such a claim, a widow "must be a member of the family of decedent at his death unless prevented from occupying that relation by the fault of the husband," paraphrasing the opinion of Judge ROWE in Burkett's Est., 5 Pa. Co. Ct. 501, 502, and also citing Hettrick v. Hettrick, 55 Pa. 290; Coates's Est., 6 W. N. C. 367, and Spier's App., 26 Pa. 233. In Platt's App., 80 Pa. 501, 504, not cited by the court below, we squarely ruled that a woman, separated from her husband, may, where, as here, there was no desertion by her, or where the separation was voluntary, participate in the distribution of his estate and at the same time be barred from the widow's exemption because nothing appeared to show that she had "maintained the family relation as far as was in her power." In other words, the controlling issues of fact in a widow's exemption proceeding are not necessarily the same as those which may be involved in her claim to participate in the distribution of her deceased husband's estate (Arnout's Est., 283 Pa. 49; Stauffer's Est., 89 Pa. Superior Ct. 531) ; though, as shown in our opinion in Holben's Est., 299 Pa. 348, they may be the same, and their decision in the exemption proceeding may make them res judicata. In Holben's Estate, the point held to be res judicata by the decree in the exemption proceedings concerned the marriage status of the claimant, which, once decided in her favor, we held to be conclusive of that issue in all subsequent proceedings concerning the distribution of the husband's estate. In the present case, however, the controlling issue of fact decided in the exemption proceeding, that claimant was not a member of decedent's family at the time of his death, has, as already shown, no governing force in determining her right to share in the ultimate distribution of his estate.

The decree appealed from is affirmed, costs to be paid out of decedent's estate.