Estate of Andrew S. Mehaffey, Deceased.

230

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALD-RIGE and DREW, JJ.

*M. Edna Hurst,* and with her *Harris C. Arnold,* for appellant, cited: Lodge's Estate, 287 Pa. 184, 186; Arnout's Estate, 283 Pa. 49.

*C. E. Charles,* for appellees, cited: Schreckengost's Estate, 77 Pa. Superior Ct. 235; Crawford's Estate,

OPINION BY CUNNINGHAM, J., April 15, 1931:

Andrew S. Mehaffey died, testate, November 10, 1929, leaving to survive him a widow, Alice Mehaffey, appellant herein, and a son and daughter by a former marriage. He made no provision in his will, dated October 31, 1929, for his widow, but, after making certain specific bequests, devised and bequeathed the remainder of his estate in equal shares to his son and daughter. Appellant elected to take against the will and at the audit presented two claims: (a) for the exemption of $500 granted to widows who have not "forfeited [their] rights" by Section 12 (a) of the

Fiduciaries Act of June 7, 1917, P. L. 447, 471; and (b) for "such interests in the real and personal estate of [her] deceased spouse as......she would have been entitled to had the testator died intestate," as provided in Section 23 (a) of the Wills Act of the same date, P. L. 403, 410. Both claims were resisted by the children and rejected by the court below for the reasons stated in an opinion filed by Appel, P. J.; hence this appeal.

The objection was based upon the allegation that appellant had wilfully and maliciously deserted her husband on December 21, 1926. The claims must be considered and disposed of separately for, as stated by this court in Stauffer's Estate, 89 Pa. Superior Ct. 531, although a widow may have forfeited the right to her exemption she may still be entitled to participate in the distribution of her husband's estate under the intestate law. In that case we also pointed out that the "forfeiture" mentioned in Section 12 (a) of the Fiduciaries Act as a ground for refusing the exemption is not identical with the conditions prescribed by Section 6 of the Intestate Act of June 7, 1917, P. L. 429, 435, as sufficient to bar a widow's right to claim an interest in her husband's real or personal estate "under the provisions of" the intestate law.

The forfeiture specified in Section 12 (a) of the Fiduciaries Act is "the forfeiture of the widow's exemption established by a long line of judicial decisions," to the effect that a wife who did not stand in the family relation toward the decedent at the time of his death, but had been voluntarily living apart from him without such reasonable cause as would entitle her to a divorce, had forfeited the right to her exemption. As expressed in some of the cases, the law granting the exemption contemplates the case of a wife who lives with her husband until his death and faithfully performs all her duties to his family, not one who voluntarily separates herself from him,

"unless the separation was the fault of the husband." But the "fault," in order to furnish justification for the separation, must be a serious one—deserting, maltreating or abusing her, driving her away, or inducing her to leave the home, and the like: Stauffer's Estate, supra. A careful reading of the testimony in this case fails to disclose any evidence which would support a finding that the separation, admittedly existing at the date of the death of the husband, was his fault within the meaning of the decided cases; the court below therefore properly held that appellant had forfeited her right to the exemption now granted by the Fiduciaries Act.

With respect to the claim for an interest in the estate by reason of appellant's election to take against the will (the extent of which interest, under such circumstances, is defined in the above cited Section 23 (a) of the Wills Act), the objection was that it was barred under the provisions of the above cited Section 6 of the Intestate Act, which reads as follows: "No wife who shall have, for one year or upwards previous to the death of her husband, wilfully and maliciously deserted her husband, shall have the right to claim any title or interest in his real or personal estate after his decease, under the provisions of this act."

From the testimony taken at the audit the court below found that the parties were married on December 12, 1920, and lived together until December 21, 1926, when appellant left her husband and home, and that up to the time of his death they lived separate and apart. There was evidence that they had frequent quarrels, principally over the alleged failure of the husband to supply sufficient and proper food and with relation to the manner in which the wife performed her duties in the household; some of the testimony, particularly that of the interested witnesses, was conflicting but there was no satisfactory evidence that

the husband had been guilty of conduct which would have entitled appellant to a divorce. On the day of the separation, appellant, in the absence of her husband, had practically all the furniture, including the electric fixtures, hauled away, and departed, leaving only a desk, clothes-tree and small table. It would serve no good purpose to review the testimony of the witnesses in detail; there was evidence to support the conclusion of the court below that the husband did not assent to the separation and that the wife wilfully and maliciously deserted him and persisted in such desertion during the remainder of his life.

On behalf of appellant the separation was not denied. Her reply was twofold: first, that it was justified by her husband's conduct (a contention of which we have already disposed); and second, that it at least became a consentable separation. Among other things, it was shown that a few months after it occurred appellant caused an information to be made against her husband under the Act of April 13, 1867, P. L. 78, charging him with desertion and non-support. The proceedings in the quarter sessions terminated in an order, dated March 5, 1927, reciting that "by agreement of parties at interest" the defendant was ordered to pay appellant the sum of $4 per week for her support, "so long as they remain separate and apart," etc. It is urged that this was conclusive evidence that the husband agreed and consented to the separation. We do not so regard it. The record of this proceeding was properly admitted and was persuasive, but not conclusive, evidence of a desertion by the husband: Hahn v. Bealor, 132 Pa. 242. Such an order is not a bar to a divorce on the ground of the desertion of the wife: Bauder's Appeal, 115 Pa. 480. The court below correctly held that the issue under the Act of 1867 differs materially from the question arising under the intestate law and that this "consent" order was not conclusive in the present proceedings. There was nothing

in the quarter sessions' record to indicate that the husband expressly agreed that appellant should live apart from him; the "agreement" probably related more particularly to the amount of the weekly payments. On the other hand a record of the court of common pleas of Lancaster County, showing that the husband on January 12, 1929, instituted proceedings in divorce against appellant upon the ground of her desertion, was offered and admitted. The subpoena was served and respondent's answer filed but the proceedings had not been terminated at the date of libellant's death and were discontinued thereafter. A portion of appellant's argument is devoted to a discussion of the burden of proof. As the marriage was not denied, the burden of showing that the widow was not entitled to her exemption and her share under the intestate law was originally on the children. The evidence produced by them was sufficient to shift the burden and to require appellant to go forward with proof that her separation from her husband and abandonment of their common dwelling did not amount to a wilful and malicious desertion: Schreckengost's Estate, 77 Pa. Superior Ct. 235. We are not convinced that she successfully carried this burden. The decree appealed from rests upon findings of fact by the auditing judge; as they are supported by evidence the established rule is that they may not be reversed except for palpable or manifest error. The able and earnest argument of counsel for appellant has not persuaded us that any of the assignments should be sustained.

Decree affirmed; the costs of this appeal to be paid out of the estate.