Heath Estate.

Argued November 20, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Robert Grey Bushong,* with him *Henry Matthias Koch,* for appellants.

*Darlington Hoopes,* for appellee.

OPINION BY BALDRIGE, J., March 2, 1945:

This appeal is from the decree of the court below refusing to set aside a widow's election to take against her husband's will. It is very narrow in its scope, confined to determining whether there was sufficient evidence to support the finding of the court below.

James C. Heath died testate September 8, 1943. He gave his entire estate to Naomi Kreisher, Mary Hart, Ruth Bower, and Raymond Heath, the appellants herein. Laura Ackerly Heath filed her election as widow to take against the will. The legatees and devisees in the will petitioned for a citation to show cause why the election should not be vacated and set aside, alleging that the widow had deserted her husband on October 27, 1899, and that under section 6 of the Intestate Laws of June 7, 1917, P. L. 429, 20 PS §42, she had forfeited her rights to take against her husband's will. The widow filed an answer denying the desertion and alleged that the cruel and barbarous treatment of her husband forced her to withdraw from their common home. President Judge MARX, after hearing testimony, found in favor of the widow. Exceptions to his findings were dismissed, the court holding that the testimony was "insufficient to warrant a finding of desertion by the wife."

The salient facts may be summarized as follows. James C. Heath and Laura E. Ackerly were married January 15, 1891. She separated from her husband on October 27, 1899. About seven weeks later she made information against him to obtain support for herself and their three children. The court entered an order directing the payment of $2.75 per week for the support of the children, but denied any allowance for the wife. In 1907 he filed a libel in divorce charging his wife with desertion in 1899. Service was personally had on respondent, but she did not enter an appearance. A

commissioner was appointed and after due notice of the time and place a hearing was had on June 25, 1907. The report of the commissioner, however, was not filed until August 27, 1928, over 21 years thereafter, and no decree in divorce was ever entered.

The testimony of James C. Heath as libellant in the divorce case was offered and properly admitted in evidence: *Estate of Martina R. Nixon,* 104 Pa. Superior Ct. 506, 510, 159 A. 172. It appeared therein that he had trouble with his wife "caused by her free conduct with other men" especially George Rupp, a boarder. Heath finally ordered him out of the house and the wife the next day left her home.

She testified in the instant case that her husband cursed her, threatened her frequently with physical violence, called her vile names, ordered her out of the house, charged her with infidelity, and when she was expecting her first child he choked her and she claimed as a result the child was born a deaf mute. She attributed a miscarriage she had just before the separation to his continuous mistreatment, which had seriously affected her health. She testified that after she left her husband, he frequently visited her home, that she did his washing and ironing, and on one occasion cooked his dinner.

It is argued on behalf of these appellants that the wife was not warranted in leaving her husband's home because of his alleged ill treatment and that in so doing she was guilty of a wilful and malicious desertion which persisted for years. There was no contradition that after the separation the husband lived in adultery for many years with Sarah Alice Freyberger and had by her four children, the appellants herein.

Our references to the testimony have been sufficient to show that the decision in this case depends upon the determination of the factual issues raised; a duty that rested upon the adjudicating judge. A marriage having been shown, and as no proof was elicited that a

divorce was granted, the burden of showing that the widow was not entitled to share in her husband's estate was originally on those claiming under the will. When they established the wife's withdrawal from the common home that burden ceased. Then she was required to go forward and show that her conduct did not amount to a wilful and malicious desertion: *Estate of Andrew S. Mehaffey,* 102 Pa. Superior Ct. 228, 234, 156 A. 746. She assumed successfully this obligation by producing substantial evidence, which gives adequate support to the findings of the adjudicating judge. As they were affirmed by the court below we are not warranted in disturbing them: *Munich's Estate,* 256 Pa. 619, 100 A. 1033. We must give them the same force and effect as a verdict of a jury: *Pusey's Estate,* 321 Pa. 248, 260, 184 A. 844; *Cheponis' Estate,* 148 Pa. Superior Ct. 515, 517, 25 A. 2d 779. We are aware that the rule is subject to qualification "when the judgment of the court below is based upon an inference or deduction from other facts, the conclusion, being the result of reasoning, is subject to revision and correction by an appellate court, if erroneous:" *Altaffer et ux. v. Anderson Automobile Company et al.,* 77 Pa. Superior Ct. 63, 65; *Estate of Martina R. Nixon,* supra, p. 511. Here we find no error.

The learned court below apparently gave some weight to the conduct of the parties after the separation stating in its opinion: "What ever may have been the true nature of the separation of October 27, 1899 at its inception, it is apparent it was not wilful and malicious desertion thereafter." Mutual consent to a separation within the statutory period is fatal to the alleged desertion within our divorce laws (*Olson v. Olson,* 27 Pa. Superior Ct. 128; *King v. King,* 36 Pa. Superior Ct. 33; *Ulizio v. Ulizio,* 96 Pa. Superior Ct. 91) and will not defeat the widow's right to take against her husband's will as the mere fact that the husband and wife were living apart is not controlling: *Estate of August Braum,* 88 Pa. Superior Ct. 109.

The decree of the court below is affirmed at the costs of appellants.