## Commonwealth ex rel. v. Playfair

*Fred Trescher*, for prosecutrix.

*James Gregg*, for defendant.

LAIRD, J., July 17, 1945.—This matter comes before the court at this time upon defendant's motion for a rehearing, in which he alleges that at the time of the original hearing in the matter "he did not have an opportunity to adduce testimony to prove that there was no desertion by him of his wife in the premises; that he is able to offer such proof that any desertion committed was by his wife; that he has been, at all

times, ready, willing and able to support her and since she has left him, has maintained their former residence open and ready for her return; that he has subsequently requested her return, and she has refused; that he gave her no just or reasonable cause for leaving him; and that her absence from his habitation is wilful and malicious".

A rehearing was held at which all testimony offered by both parties was taken, and from the testimony so taken we gather that the parties were married March 1, 1920, and that they lived together as husband and wife until sometime in August 1943. Three children were born to them, all of whom are now of age and have left home.

The difficulty between the parties seems to have arisen because of their failure to get along or to live together after the children had departed from the family circle. During the depression and while the parties hereto were living together, they incurred some indebtedness, which both are now endeavoring to liquidate.

The reason for a rehearing, as we understand defendant, is that he fears an order made in this proceeding will bar him from proving desertion on the part of his wife in case he desires to maintain an action for divorce in the common pleas court on the ground of desertion. While his fears may not be entirely groundless (Copeland v. Copeland, 155 Pa. Superior Ct. 102, 110), we think the wife might have an equally sound and reasonable complaint if we refused to make any order of support at this time.

See Hunter v. Hunter, 152 Pa. Superior Ct. 453, where it is held that a wife who wilfully and without legal cause refuses to live with her husband may be guilty of desertion.

In other words, if we refused an order on behalf of the wife at this time, it might be contended that we had prejudged the divorce case, which has not yet been in-

stituted, and it could, with equal justification, be contended that we had adjudged the wife to be guilty of desertion. This we do not desire to do.

". . . it is well established that the only 'reasonable cause' justifying a husband in refusing to support his wife is conduct on her part which would be a valid ground for a decree in divorce": Commonwealth ex rel. Herman v. Herman, 95 Pa. Superior Ct. 510, 514, 515.

Defendant cites and apparently relies upon D'Alfonso v. D'Alfonso, 138 Pa. Superior Ct. 378. In that case Judge Baldrige, in delivering the opinion of the court, said, quoting from page 383:

"That support proceeding, resulting in an order for the payment of an allowance to his wife, did not of itself bar a divorce at his instance on the ground of desertion (Van Dyke v. Van Dyke, 135 Pa. 459, 19 A. 1061) ; but the record, although not conclusive, is admissible and is evidence against him, which requires a strong case to overcome: Crandall v. Crandall, 66 Pa. Superior Ct. 153; Estate of A. S. Mehaffey, 102 Pa. Superior Ct. 228, 156 A. 746.

"The burden was on the libellant to show that his wife refused, without cause, to change her residence."

To the same effect is Crandall v. Crandall, 66 Pa. Superior Ct. 153, 155, cited supra by Judge Baldrige, in which latter case Judge Carr, of the lower court, said, quoting from page 155:

" 'The record of the proceedings for desertion in the Court of Quarter Sessions of the Peace, in which the husband is ordered to pay a fixed sum per week for the support of his wife, is admissible in evidence to be considered by the jury on the trial of an issue in proceedings for a divorce by the husband against his wife on the ground of desertion; but it is not a legal bar to the divorce prayed for.' . . . the record of an order in the Court of Quarter Sessions adjudging him on complaint of the wife to pay her a weekly allowance for maintenance, is evidence persuasive of a prior wilful desertion by him, but not conclusive thereof."

It is evident, therefore, in the case at bar that the whole question and the only question is: Which party is at fault? Is the prosecutrix guilty of desertion? (If she is, the statutory period has not elapsed, and she might desire to return.) Or is the defendant guilty of conduct justifying her leaving her husband's home?

In the recent case of Copeland v. Copeland, supra, which went up from this county, it was said by the late Judge Keller, quoting from pages 106 and 107:

"A woman who has good grounds for believing that her husband is unfaithful to her is not obliged to live with him as his wife. She may refuse to do so, and may leave his home, without being guilty of desertion."

We are of opinion that a wife, having left the home of her husband, and within a year discovering good grounds for believing that her husband is unfaithful to her, is justified in refusing to return to his home and habitation.

The testimony on the question of the alleged desertion and the reasons for the wife's failure to return was not as full and complete as might be desired and perhaps not so full and complete as to justify or warrant the court in granting a decree of divorce. As we understand, the prosecutrix claims she did not have sufficient notice or time in which to prepare and develop her case on the question of desertion. We believe, however, that question may be fully gone into and determined if and when it arises, as we are now of opinion that defendant herein will not be prevented from proving or attempting to prove desertion in his action in divorce in the common pleas court, if and when instituted, by any order made in this proceeding in the quarter sessions court.

Both parties are employed, and the wife is earning from $120 to $125 per month. Defendant earns $250 per month and can get $40 additional as rent in case he desires to rent part of the house in which he resides. The prosecutrix is paying $26.50 per month on account

of a note at the bank, and $35 per month rent, and, in addition, for her food, clothing, etc., and defendant is paying $24 per month on account of a mortgage on the house in which he resides.

Under the circumstances and the testimony offered, we do not consider the previous order of $50 per month in favor of the wife unreasonable or excessive, and we are of opinion that if defendant has sufficient grounds for divorce and is able to establish the same this order will not interfere with his obtaining a decree.

We believe, therefore, that the former order made by this court on February 23, 1945, should not be changed, but should be permitted to stand. We, therefore, enter the following decree:

And now, to wit, July 17, 1945, after hearing, after argument, and after due and careful consideration, it is ordered, adjudged, and decreed that the order of this court made February 23, 1945, be and the same hereby is affirmed.