## Dunn's Estate

*Charles C. Lark,* for petitioner.
*W. Irvine Wiest,* for respondent.

TROUTMAN, J., October 6, 1947.—Joseph A. Dunn died testate on October 26, 1945. In pursuance of the provisions of his last will and testament, probated on November 8, 1945, George Dunn, Thomas Dunn and James Dunn were appointed his executors. Under the same will, testator gave his entire estate to his five children. Margaret A. Dunn filed her election as widow to take against the will. The legatees and devisees in the will petitioned for a citation to show cause why the election should not be vacated and set aside, alleging that the widow had deserted her husband on January 10, 1943, and that under section 6 of the Intestate Act of June 7, 1917, P. L. 429, 20 PS §42, she had forfeited her rights to take against her husband's will. The widow filed an answer denying the desertion and alleged that her husband had deserted her and failed to support her.

Section 6 of the Act of June 7, 1917, P. L. 429, provides:

"No wife who shall have, for one year or upwards previous to the death of her husband, wilfully and maliciously deserted her husband, shall have the right to claim any title or interest in his real or personal estate after his decease, under the provisions of this act."

Testator, Joseph A. Dunn, and Margaret A. Dunn were married December 24, 1936. Immediately following the marriage, they resided together in a home owned by Margaret A. Dunn where they lived together until January 10, 1943, at which time the husband, Joseph A. Dunn, left the common habitation and went to reside with his sons.

It is well settled that the burden is upon those who seek to set aside a widow's election to take against the will of her husband, to prove that the widow is not entitled to share in her husband's estate. The burden is upon those claiming under the will to show that the wife wilfully and maliciously deserted her husband for one year or upwards previous to the death of her husband: Heath Estate, 156 Pa. Superior Ct. 597; Jac Estate, 355 Pa. 137.

In an attempt to prove that the wife did wilfully and maliciously desert her husband, petitioners called a neighbor, Mary Garencheski, who testified that the wife, following the separation, told her that she had packed up her husband's clothes and chased him out and repeated the remark on many occasions. Another witness, Mrs. Rosie Wetzel, who lived in the next house to Mrs. Garencheski, testified that she had heard Mrs. Dunn say to Mrs. Garencheski that she had chased her husband out and that she did not want to bother with him any more. Petitioners introduced the record of a divorce case brought by Margaret A. Dunn, libellant, against Joseph A. Dunn in the Court of Common Pleas of Northumberland County, to no. 24, May term, 1943, for the purpose of showing that libellant

and respondent did not live together after January 10, 1943, and for the purpose of showing her intention of living separate and apart from him the balance of their lifetime. The divorce action was instituted on February 5, 1943, and alleged indignities as the cause of divorce. The docket shows that this action was never pursued beyond the service of the subpœna and the libel.

Respondent was called as a witness in her own behalf, under objection on the part of petitioners that she was not competent to testify to matters happening during the lifetime of Joseph A. Dunn. Her testimony was to the effect that following their marriage, they moved to her home and lived there until January 10, 1943; that she contributed a large proportion of the cost of maintaining the household and that her husband worked about half of the time that they were living together; that he complained about the way she kept her home and continuously sought to have her make a will in his favor and also deed her properties to both of them as tenants by the entireties; that he drank heavily and stayed out several nights at a time and would come home in an intoxicated condition accompanied by other men who were likewise intoxicated; and that he mistreated her and was abusive toward her in their sexual relations.

Concerning the circumstances of the separation, Mrs. Dunn testified that on the day in question she had asked him to screen some coal in the cellar and arrange the coal bin to receive some new coal the next day; that he refused to clean the coal or prepare the coal bin to receive more coal and became quarrelsome about the same; that she asked her grandson to clean the coal, which he did; that when she called Mr. Dunn for dinner he complained about her getting the boy to do this work, and after some argument Mr. Dunn requested his wife to pack his clothes and stated that he would not stay in the house another minute; that

he went out stating that she should not forget to pack his clothes and returned at 7 o'clock in the evening smelling of liquor and demanded that his wife pack his clothing; that he took his clothes and went out and sometime later returned together with several of his sons who are petitioners in this case, and proceeded to remove the furniture which belonged to Mr. Dunn, and they then proceeded to divide up their savings which amounted to $710. This, in effect, was the testimony of respondent.

The testimony of respondent was clearly admissible and she was a competent witness for the purpose of testifying to facts surrounding the alleged desertion. The Act of April 24, 1931, P. L. 46, 28 PS §329, makes the surviving husband or wife in proceedings such as are now before the court, a competent witness as to all matters pertinent to an alleged forfeiture of her rights as a surviving spouse.

After the argument of this case, petitioners asked that they be permitted to offer additional testimony concerning the alleged wilful and malicious desertion of the widow, which request was granted by the court. At the subsequent hearing, Thomas Dunn, George Dunn and James Dunn, three of petitioners, were called as witnesses.

Thomas Dunn testified that he and his brother George went to the home of Mr. and Mrs. Joseph Dunn on the night of January 10, 1943, and that his father was standing near the door with his son James, and that his father stated to him that he had to get out and that when he inquired of Mrs. Dunn whether it was all right to take out his father's belongings, she replied: "Yes, take it out. I won't put up with him any longer. He has to get out." He further testified that Mrs. Dunn had her fist up at his father's face, berating him.

George Dunn testified to the effect that Mrs. Dunn had stated that his father had to get out and that her

fists were flying around and that she was waving her hands, although no blows were struck; and that he did not know whether she intended to strike him. James Dunn testified that Mrs. Dunn had stated that his father had to get out.

The act providing for a forfeiture of a wife's interest in her husband's estate requires the desertion to be wilful and malicious; it must be an actual abandonment of matrimonial cohabitation with intent to desert, wilful and persisted in without cause for a year. Mere separation is not desertion within the meaning of the act: Lodge's Estate, 287 Pa. 184.

The testimony indicates a conflict as to whether the husband left the common habitation on his own accord or whether the wife insisted that he leave the common habitation. We are of the opinion that on the occasion of the separation, after a day of quarreling between husband and wife, the husband voluntarily left the common domicile. There is no evidence which would indicate any just or reasonable cause for the husband separating himself from his wife. This action on the part of the husband clearly negatives any wilful and malicious desertion on the part of the wife but would rather indicate a separation on the part of the husband without reasonable cause.

Considering the testimony in a light most favorable to petitioners and accepting as true their testimony, we are of the opinion that they have failed to meet the burden of proof imposed upon them and have not shown such a wilful and malicious desertion on the part of the wife as would work a forfeiture of her rights in her husband's estate. The wife did not leave the common domicile, and the only way petitioners could possibly show a wilful and malicious desertion on the part of the wife would have been to prove that the husband was wilfully and maliciously put out of the home by force or justifiable fear of immediate bodily

harm, or was locked out against his will, and without his consent, and such conduct was without reasonable cause. The evidence does not show such a situation. If Mrs. Dunn had ordered her husband to leave and stated that he had to get out, that fact, in itself, would show a consentable separation. See Reiter v. Reiter, 159 Pa. Superior Ct. 344.

A turning out of doors of one spouse by the other, in order to constitute desertion, must be either actual, by violence, or constructive, by threats. While there is some testimony that the wife was waving her arms and that she was shaking her fists, there was absolutely no testimony that she intended to inflict or to threaten the husband with any bodily harm. As a matter of fact, one of the petitioners testified that when she got angry it was her custom to wave her arms. See Barnes v. Barnes, 21 D. & C. 101.

In Magee v. Magee, 4 Lehigh 404, Judge Trexler, late of the Superior Court, said:

"The facts did not justify his leaving her. Her telling him to go, and stating that she would not live with him were not sufficient. He was the master of the family and was not required to take orders from his wife. Even where the wife owns the house such facts do not establish a constructive desertion."

The testimony of the wife indicates that he had subjected her to a course of treatment which closely approaches indignities to her person, warranting a decree in divorce. This conduct, in itself, was sufficient cause for the wife to separate herself from her husband.

We have closely scrutinized the testimony of the surviving spouse and we can see no reason to doubt her credibility or reject her testimony. We are of the opinion that the evidence indicates, at the most, a consentable separation, and conclude that the departure of the husband from the common domicile was purely voluntary on his part, without reasonable cause. Even accepting as true the testimony of petitioners, that in

itself would be insufficient to show a wilful and malicious desertion on the part of the wife. Petitioners have failed to meet the burden of proof cast upon them, and the petition must be dismissed.

## Order

And now, to wit, October 6, 1947, it is hereby ordered, adjudged and decreed that the petition and the citation awarded thereon to show cause why the election of Margaret A. Dunn to take against the will of Joseph A. Dunn should not be stricken from the record is hereby dismissed. Let an exception be noted for the petitioners.