## Crater Estate

202

Before Klein, P. J.; Bolger, Hunter and Lefever, JJ.

*William F. Quinlan,* for exceptants.

*Michael C. McManus,* contra.

HUNTER, J., February 29, 1952.—Decedent died intestate on September 3, 1949, leaving to survive him a widow, Anna E. Crater, and eight first cousins. The widow claimed the estate, of the approximate value of $5,000, on account of her $10,000 allowance. The auditing judge found that she had forfeited her rights by wilful and malicious desertion.

The widow died while the case was pending, before her testimony could be taken, and her executor, Robert Reardon, has been substituted as a party and is exceptant.

Decedent and wife married in 1915. They separated in 1918 or 1919, under circumstances unknown. He must have been the one to withdraw from the marital domicile, because he was not present after the years mentioned. The wife continued to live in the home until 1923, having been joined by her two sisters.

In 1929, or earlier, the wife lived with Robert Reardon as wife and husband, and continued in that adulterous relation until decedent's death. Robert Reardon, as has been stated, is executor of her will, and claims in her right.

A separation by consent may be turned into a willful and malicious desertion by the wife by her subsequent adultery, which is a positive and unequivocal act indicating an intention to desert and to renounce the marriage relation: Lodge's Estate, 287 Pa. 184; Bowman's Estate, 301 Pa. 337; Archer Estate, 363 Pa. 534.

On the other hand, if the original separation was due to the husband's desertion, the subsequent adultery of the wife is not a bar to her intestate rights, because having exposed her to seduction, the fault was as much his as hers: Jac Estate, 355 Pa. 137.

It is clear that the burden of proof in the first instance was on decedent's representatives, especially when it appeared that he withdrew from the marital domicile: Schreckengost's Estate, 77 Pa. Superior Ct. 235; Mehaffey's Estate, 102 Pa. Superior Ct. 228. In our opinion, upon proof of the wife's adultery, the burden shifted to her to show that her infidelity was excused by the desertion or misconduct of her husband.

There is no direct proof of the facts of the separation, as all persons with knowledge are deceased. A brother of the wife testified that the husband went out at nights, and once declared he had a "date with another woman". The witness, however, had no knowledge of misconduct, and his testimony is not proof thereof.

There has been great lapse of time since the separation, without attempt by either party to resume marital relations. The wife made no attempt to obtain a support order, nor did she seek a divorce, though the husband continued to conduct his business in the same neighborhood. In our opinion the evidence shows that the separation, if not consensual at the beginning, became so after the lapse of time: Olson v. Olson, 27 Pa. Superior Ct. 128; Heath Estate, 156 Pa. Superior Ct. 597; Pohlig's Estate, 9 D. & C. 153.

The wife's adultery was more than a single act. It was a continuous relation which existed 20 years down

to the death of decedent. This is not a case where a husband turned his wife out of doors, as in Jac Estate, 355 Pa. 137, supra, and then at her death claimed her estate. Here the claim is made by the wife's paramour, as executor of her will. Equitable principles and morals and decency require that claimant prove that the separation of husband and wife was without her consent, and was a desertion by the husband which excused her adultery.

We confirm the findings of fact of the auditing judge, and his conclusion that the wife had forfeited her rights by willful and malicious desertion for one year or upward previous to the death of decedent, under the provisions of the Intestate Act of April 24, 1947, P. L. 80, sec. 6(b), 20 PS §1.6.

The exceptions are dismissed and the adjudication is confirmed absolutely.